**Walter S. McCARY, Appellant,**

v.

**STATE OF KANSAS et al., Appellees.**

**No. 6352.**

United States Court of Appeals
Tenth Circuit.

June 16, 1960.

Benjamin L. Craig, Denver, Colo., for appellant.

John Anderson, Jr., Atty. Gen., and J. Richard Foth, Asst. Atty. Gen., for appellees.

Before MURRAH, Chief Judge, and PHILLIPS and BREITENSTEIN, Circuit Judges.

PER CURIAM.

McCary was confined in the Kansas State Penitentiary under a sentence imposed by the District Court of Montgomery County, Kansas, following his conviction in that court of an offense under the law of Kansas. He brought a habeas corpus proceeding in the United States District Court for the District of Kansas, seeking discharge on the ground that he had been denied a speedy trial. From an order discharging the writ, McCary has appealed.

The facts, with one exception to which we shall refer later, are not in dispute.

On January 10, 1957, McCary was confined in the County Jail of Ford County, Kansas, awaiting trial on an information charging an offense against the laws of Kansas. While so confined, he was served on that date with a warrant issued on the information on which he was later convicted in the District Court of Montgomery County, Kansas. He was tried and convicted on the Ford County charge on January 11, 1957, and on January 21, 1957, he was sentenced to confinement in the Kansas State Penitentiary.

The United States filed a detainer against McCary with the Kansas State Penitentiary authorities on a charge of violation of the Dyer Act, 18 U.S.C.A. §§ 2311–2313. McCary received notice of such detainer on April 4, 1957. On April 29, 1957, following his conviction of a federal offense in the United States District Court for the District of Kansas, McCary was sentenced to the custody of the Attorney General of the United States for a term of one year and one day, such sentence to commence at the expiration of the sentence he was then serving in the State Penitentiary on the Ford County conviction. On February 15, 1958, McCary was released on parole from the State Penitentiary and was thereupon taken into custody by the United States Marshal and delivered to the custody of the Warden of the United States Penitentiary at Leavenworth, Kansas, to serve the federal sentence. The authorities of Montgomery County, Kansas, filed a detainer against McCary with the United States Penitentiary authorities on the charge pending against him in Montgomery County. McCary was notified of such detainer on February 21, 1958. On March 26, 1958, McCary forwarded to the Clerk of the District Court of Montgomery County, Kansas, a motion demanding a speedy trial. Such motion was duly received by the clerk of the state court. On July 23, 1958, McCary filed with the Clerk of the District Court of Montgomery County, Kansas, a motion to quash and dismiss the warrant of January 10, 1957. On December 4, 1958, McCary was released from the Federal Penitentiary and was taken into custody by the Sheriff of Montgomery County, Kansas. On January 3, 1959, he was tried on the Montgomery County charge and on February 10, 1959, following his conviction, he was sentenced on that charge to confinement in the State Penitentiary for a term of three and one-third years. On August 31, 1959, he filed his petition for a writ of habeas corpus in the instant case.

In his brief petitioner asserts that following his motion demanding a speedy trial he forwarded a letter to the Attorney General of the United States requesting permission for Montgomery County, Kansas, to take him into custody and try him on the charge pending against him in that court and that an order granting such permission to Montgomery County, Kansas, was forwarded to the Warden of the United States Penitentiary at Leavenworth, Kansas, and a copy thereof was forwarded to the officials of Montgomery County. In his petition for the writ McCary did not allege the facts stated in his brief with respect to his request to the Attorney General and the order of the Attorney General in response thereto, other than to recite there was a letter in the District Court of Leavenworth County, Kansas, from the Attorney General giving permission to Montgomery County to take him into custody for trial on the Montgomery County charge. There was no allegation of the time such letter was written or any other

facts or circumstances with respect thereto. The respondent below in his answer denied the allegation with respect to such alleged letter of consent by the Attorney General of the United States and there was no proof whatever adduced by McCary to establish the facts now asserted in his brief. We conclude that the above facts stated in the brief by McCary were not established on this record.

■ The general rule is that a state is not excused from giving a defendant a speedy trial by reason of his incarceration in a state penal institution. The rule is based upon the principal that the state, having the actual custody and control of the defendant, may at its will cause him to be produced in a state court for trial during his incarceration in a penal institution of the state on a conviction of another offense.[1]

■ However, that rule is not applied in Kansas, for the reason that under the Kansas decisions the authorities of one county cannot obtain custody of a defendant charged with an offense in that county, during the period of his incarceration in the State Penitentiary under a sentence upon a conviction for another offense in another county. See State v. Bowman, 106 Kan. 430, 188 P. 242 and McCullough v. Hudspeth, 168 Kan. 39, 210 P.2d 413. The latter case was a habeas corpus proceeding, seeking discharge on the ground of denial of a speedy trial. The Kansas court held the petitioner had not been denied a speedy trial under facts in all respects parallel with the facts in the instant case, insofar as delay resulted from confinement under the sentence on the Ford County charge.

■ It is well settled that the failure of a state to bring a defendant to trial on a state charge during the period of his confinement in a federal penal institution on a federal charge will not support a claim of denial of a speedy trial by the state court. The reason for the rule is that he is in custody in the federal penal institution because of his own wrongdoing and is beyond the custody and control of the state court, even though the federal government might grant the request of the state for custody of the defendant for the purpose of trial on the state charge.[2]

It follows that the order should be and it is affirmed.

---

1. Ex parte Schechtel, 103 Colo. 77, 82 P. 2d 762, 764; Note, 118 A.L.R. 1037.

2. Ex parte Schechtel, 103 Colo. 77, 82 P. 2d 762, 764, 118 A.L.R. 1032; Lee v. State, 185 Ark. 253, 47 S.W.2d 11; Raine v. State, 143 Tenn. 168, 226 S.W. 189, 193, 194.