Application of Robert W. SIMMONS, No. 77348–L for Writ of Mandamus.

No. A–12973.

Court of Criminal Appeals of Oklahoma.

Jan. 4, 1961.

Robert W. Simmons, petitioner, pro se.

John D. Luton, County Atty., Muskogee County, Muskogee, for respondent.

POWELL, Presiding Judge.

Robert W. Simmons, an inmate of the United States Penitentiary at Leavenworth, Kansas, No. 77348–L, filed herein on October 20, 1960 his application seeking a writ of mandamus to compel the county attorney of Muskogee County, Oklahoma, and the examining magistrate in whose court a preliminary information has been filed charging petitioner with false pretenses, a felony, to afford him a speedy trial or dismiss the charge.

While petitioner in the heading to his petition names the county court of Muskogee County a respondent, he also names the presiding judge, city court (a court of record) a respondent. Exhibit A to the petition shows that warrant No. 30246 has heretofore been issued by that court and filed with the Warden of the United States Penitentiary at Leavenworth and that by reason thereof a "hold order" has been entered, said petitioner to be delivered to Muskogee County officers when petitioner's present term in the Federal prison has been served. This detainer or "hold order" deprives petitioner of certain rights while serving his present term. Petitioner has filed with the presiding judge, municipal court of the City of Muskogee, acting as an examining magistrate, a waiver of preliminary hearing and motion for speedy trial. It is not necessary to notice the naming of the County Court as a respondent.

In his petition in this Court it is alleged that petitioner's motion in question was denied. He alleges that the Attorney General of the United States is agreeable to his being transported to Muskogee County for trial. Of course it may be that the county attorney was not willing to waive the preliminary hearing, and wanted to preserve the testimony of some State witnesses where counsel for the petitioner would have opportunity to cross-examine, with petitioner present.

On October 20, 1960 we issued a Rule to Show Cause, and the County Attorney, Hon. John D. Luton, has filed response to said Rule, as follows:

"Comes now the State of Oklahoma, by and through John D. Luton, the duly and qualified acting County Attorney of Muskogee, Muskogee County, Oklahoma, and respectfully shows this Honorable Court that upon receipt of the Rule to Show Cause filed in the above styled and numbered case, on the 26th day of October, 1960 the responder contacted the Warden of the United States Penitentiary at Leavenworth, Kansas, wherein the said Petitioner, Robert W. Simmons, is now confined, in regards to transportation of said petitioner to the city of Muskogee, Muskogee County, Oklahoma for a speedy trial on the crime for which he is charged, since the District Court of Muskogee County, Oklahoma is conducting a criminal term of court to end the 4th day of November, 1960, the basis of the hold order which said petitioner prays be dismissed due to the fact that he, the said Robert W. Simmons, has not been afforded a speedy trial thereon.

"Your responder further alleges that he was advised by the Warden of the United States Penitentiary, Leavenworth, Kansas and by local Federal authorities that he should communicate with Mr. James V. Bennett, Director, Bureau of Prisons, Department of Justice, Washington, D. C., concerning necessary arrangements to be made to transport the said Robert W. Simmons to the City of Muskogee, Muskogee County, Oklahoma, for trial on the aforementioned charge, and your responder did comply with said advice and was informed that the said Robert W. Simmons would have to be transported to the City of Muskogee, Muskogee County, Oklahoma, by a United States Marshal at county expense and was further informed that said expenses would amount to the sum of

$342.70, and your responder respectfully informs this Honorable Court that there are not available funds in the court fund or any other county fund of Muskogee County, Oklahoma, to expend for this purpose.

"Wherefore your respondent respectfully prays that the writ of mandamus sought by the petitioner, Robert W. Simmons, ordering that the said hold order be dismissed, be denied."

We only recently had before us for consideration the case of Davidson v. Simms, 356 P.2d 779, with facts similar to the within case, except that therein the Attorney General of the United States was not shown to have actually agreed to the petitioner's removal to Oklahoma for trial. Here temporary removal was agreed to on condition that Muskogee County pay the sum of $342.70. Now if by reason of a congested docket or any good and sufficient reason the case should have to be re-set, then it could be expected that the expense would probably double, and of course the Muskogee authorities would have to send an officer or officers to the adjoining state of Kansas to get petitioner when he would complete his Federal term. Now, suppose the prisoner was in a Federal prison in the State of Washington, Maine or Florida. The expense could be expected to multiply several times. And all this by reason of the fact that a petitioner either fled from this State to evade that speedy trial he would at a late date be seeking, or by reason of violation of Federal laws had been arrested by Federal authorities and taken to some other portion of the United States to answer for a crime committed in another jurisdiction. The same thing would be true if a petitioner were serving on conviction had in some other state court. But at all events, the delay complained of would have been brought about, not by laches of the State authorities, but by the misconduct of the petitioner. Under such circumstances, then, can the State authority that seeks the petitioner when he shall have served his time in the out-of-state jurisdiction, and when they can obtain actual custody and without strings attached, be held responsible for the delay in truth resulting from the wrong-doing of a petitioner?

This Court has gone so far as to approve the co-operation of the authorities of Oklahoma County in obtaining custody for trial in Oklahoma County of a Federal prisoner in custody of Federal authorities and also in Oklahoma County. See State ex rel. Short v. White, 39 Okl.Cr. 242, 264 P. 647. So, conversely, the rule would apply to a Federal prisoner who would be incarcerated within the State of Oklahoma in a Federal prison where the Federal authorities would give consent for the trial of such prisoner on a state charge. But we are not ready to extend the rule to include prisoners incarcerated in a prison in a sister state out of the jurisdiction of the authorities in the State of Oklahoma. We must adhere to the principle heretofore announced by this Court.

In Hurst v. Pitman, 90 Okl.Cr. 329, 213, P.2d 877, 878, in paragraph 4 of the syllabus this Court said:

"Although no appeal will lie directly from a judgment of the Justice of the Peace court to the Criminal Court of Appeals, where said Justice of the Peace court sits as a committing magistrate for the purpose of holding a preliminary examination for one accused of a felony, the proceedings before such magistrate may be reduced to writing and filed with a transcript in the District Court, and any error in such proceedings may later be presented to the Criminal Court of Appeals for review in case of a conviction in the District Court. For that reason, in a proper case, mandamus may lie from the Criminal Court of Appeals to a Justice of the Peace court sitting as a committing magistrate, and the issuance of such writ would be in

aid of its exclusive appellate jurisdiction in criminal cases."

For the reasons given, the petition for writ of mandamus is denied.

NIX and BRETT, JJ., concur.