Ezra Lee HEREDEN, Petitioner,

v.

The STATE of Oklahoma and the County Attorney of Custer County, Oklahoma, Respondents.

No. A–13176.

Court of Criminal Appeals of Oklahoma.

Feb. 14, 1962.

Ezra Lee Hereden, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., J. B. Harvey, County Atty., Custer County, Okl., Clinton, for respondent.

BUSSEY, Judge.

This is an application for writ of mandamus by Ezra Lee Hereden, an inmate of the United States Penitentiary at Leavenworth, Kansas, requesting that he be grant-

ed a speedy trial before the District Court of Custer County, Oklahoma, or that proceedings against him be dismissed.

An examination of the record reveals that there is some question as to the identity of the petitioner. The record discloses that on December 31, 1955, a charge was filed in County Court of Custer County, Oklahoma, in Case No. 10914, against one Ben Heardon charging him with "obtaining personal property of the value of $100.-00 by means of a bogus check".

The record further reveals that the petitioner denies that he is the said Ben Heardon, yet in his petition for Writ of Mandamus, the petitioner asks that the District Court of Custer County, Oklahoma, be commanded "to set for hearing a hearing on his motion for a speedy trial on Warrant No. 10914 Dated December 31, 1955."

For the purpose of this opinion, this Court will therefore assume that the petitioner and the said Ben Heardon is one and the same person, because under the circumstances herein shown, the principles of law stated would be the same regardless of the identity of the petitioner.

The record shows that although the warrant in Case No. 10,914 in the County Court of Custer County was issued, the said Ben Heardon could not be found in the State of Oklahoma and that, consequently, the defendant never appeared for arraignment in the County Court of Custer County, and that subsequently he was incarcerated in the United States Penitentiary at Leavenworth, Kansas.

■ It thus appears that jurisdiction of the person of the defendant in case No. 10914 was never obtained. This places the instant proceeding within the purview of the rule annunciated by this court in In Matter of Application of Simmons, # 77348–L for Writ of Mandamus, Okl. Cr., 358 P.2d 644. In that matter this court said:

"A prisoner in Federal penitentiary located in another state, who seeks speedy trial or a dismissal of a certain prosecution filed before an examining magistrate of the State of Oklahoma, on ground of alleged failure to grant him a speedy trial, is not entitled to mandamus to compel the dismissal of such prosecution pending against him where warrant of arrest has never been served on the accused, and accused has never been brought within jurisdiction of the court; the examining magistrate in such case could not set the case for trial until he had acquired jurisdiction of the person of the defendant."

With equal force and to equal effect, this principle of law is applicable in the instant proceedings.

■ Therefore, the petitioner must look to a habeas corpus ad prosequendum proceeding as his means of seeking relief in this matter.

"Where a preliminary complaint is pending against a person in the Justice of the Peace Court in which case warrants have not been served, the Justice of the Peace Court is without jurisdiction to act in said cases and set same for hearing, but that does not mean that the accused is without relief for he may proceed in the District Court of the county where charge is filed by way of habeas corpus ad prosequendum, making the magistrate and the person having custody of the accused parties defendant, and should such efforts fail, original proceedings may be filed in the Court of Criminal Appeals." See Jennings v. Raines, Okl.Cr., 353 P.2d 147.

■ However should the petitioner seek relief by way of habeas corpus ad prosequendum, he must tender sufficient money to defray the expense involved in transporting his person from the Federal Penitentiary at Leavenworth, Kansas, to the place where the hearing on such application is to be held and back to the Federal Penitentiary at Leavenworth, for as the

Court stated in Application of Melton for Writ of Mandamus, Okl.Cr., 342 P.2d 571:

"The state is not required to assume the additional burden of cost incident to affording a speedy trial, i. e., in returning an accused to the state, who, on his own volition placed himself beyond the jurisdiction of the state and in the custody of the Federal Government. The costs incident to returning the accused from Leavenworth, Kansas, after the completion of his sentence and in response to the hold order are just and reasonable, but to require the additional burden of a round trip excursion into Oklahoma under the conditions herewith presented would be an unjust burden on the state. The state is in no way responsible for the accused's predicament and is in no manner required to extend the hand of charity to him."

For the reasons herein set forth, the Writ of Mandamus is denied and the action is dismissed.

NIX, P. J., and BRETT, J., concur.