**Theodore DICKERSON, Jr., Petitioner,**

v.

**DISTRICT COURT OF WASHINGTON COUNTY and the State of Oklahoma, Respondents,**

No. A–14065.

Court of Criminal Appeals of Oklahoma.

March 22, 1967.

**616**

Theodore Dickerson, Jr., pro se.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

NIX, Presiding Judge:

■ This is original proceeding filed by the petitioner, Theodore Dickerson, Jr., for a writ of habeas corpus seeking the dismissal of a detainer. This is in the nature of a writ of mandamus, and this Court will treat it accordingly.

From the Response filed by the state, it appears that the petitioner was sentenced to the Oklahoma State Penitentiary for from two to seven years for the offense of burglary in the second degree by the District Court of Tulsa County and that he was received at the penitentiary on said sentence April 14, 1964; that thereafter on December 13, 1965, petitioner was paroled from said penitentiary; that while on parole and specifically on February 9, 1966, he was charged in Washington County with the offense of grand larceny; that thereafter he was arrested in Wichita, Kansas, and on March 3, 1966, was lodged in the jail of Washington County on said charge; that on March 30, 1966, he was bound over by a committing and examining magistrate on the charge of grand larceny; that on April 27, 1966, his parole from the penitentiary commitment of April 14, 1964, was revoked; that on July 21, 1966, he was returned to the Oklahoma State Penitentiary from the county jail of Washington County; that the charge of grand larceny against the plaintiff is still pending in the District Court of Washington County; and that the District Court of Washington County has not had a jury docket since the plaintiff's arrest on the Washington County charge.

■ Evidently, no request of the District Court in the form of a writ of habeas corpus-ad prosequendum has ever been presented to them. This should be done first, then if such efforts fail, original proceedings could then be filed in the Court of Criminal Appeals by way of mandamus. Hereden v. State, Okl.Cr., 369 P.2d 478.

■ This Court is of the opinion that this action is premature. The petitioner is not entitled to habeas corpus or mandamus to compel district court to dismiss case pending against him where petitioner had not filed for relief in district court of county where such charges were pending.

Writ denied.

BUSSEY and BRETT, JJ., concur.