**Ronald L. NAUGLE, Appellant,**

v.

**STATE OF OKLAHOMA, Appellee.**

**No. 9101.**

United States Court of Appeals
Tenth Circuit.

March 23, 1967.

Richard P. Holme, Denver, Colo., for appellant.

Sam Hellman, Oklahoma City, Okl. (Charles Nesbitt and Charles L. Owens, Oklahoma City, Okl., with him on brief), for appellee.

Before MURRAH, Chief Judge, and HILL and SETH, Circuit Judges.

MURRAH, Chief Judge.

On this appeal petitioner complains of the trial court's refusal to appoint counsel to represent him and to grant a writ of habeas corpus. We affirm the judgment.

On a plea of guilty in July, 1965, Naugle was convicted in the federal court of bank robbery, sentenced to serve ten years in the federal penitentiary, and is now confined in Atlanta, Georgia. About

a month after imposition of sentence, he was charged in Oklahoma County, Oklahoma, with the commission of a robbery in June, 1965, and a detainer was lodged against him in the federal penitentiary. In January, 1966, he filed in the Oklahoma District Court his pro se, forma pauperis petition seeking, in effect, to invoke his constitutional right to a speedy trial on the pending robbery charge. A hearing was conducted at which petitioner was represented by the Oklahoma County Public Defender. The court denied the petition " * * * without prejudice to applicant's right to proceed in accordance with the ruling of Hereden v. State, Okl.Cr., 369 P.2d 478 by making proper tender of expenses for transporting applicant and a guard from his present place of incarceration to the State of Oklahoma and otherwise complying with Hereden v. State, supra, to obtain a speedy trial upon the charges filed against him * * *." No further action was taken in the state court, but Naugle thereafter filed three separate pro se forma pauperis petitions for writ of habeas corpus in the federal district court seeking appointment of counsel, a speedy trial on the state charges and a federal evidentiary hearing. In denying these petitions Judge Eubanks concluded that " * * * the Petition and records affirmatively show that the state remedies have not been exhausted * * *"; that moreover, "failure of the state to bring a defendant to trial on a state charge during a period of his confinement in a federal penal institution will not support a claim of denial of a speedy trial by state court"; and that petitioner had shown "no compelling or meritorious grounds for the appointment of counsel in this case."

The crux of Naugle's argument here is that the Oklahoma ruling in Hereden v. State, supra, denies him equal protection of the laws in that it affords a speedy trial to out-of-state, federal prisoners who are financially able to pay for their transportation to Oklahoma and back to the prison, while at the same time denying a speedy trial to out-of-state, federal prisoners who, like himself, are indigent.

On pre-requisite exhaustion of state remedies Naugle does not deny that there is yet an avenue for relief available to him in the state court, i. e. original proceedings for writ of habeas corpus ad prosequendum in the Oklahoma Court of Criminal Appeals. And see Hereden, supra.[1] He contends rather that pursuit of such relief would be a vain and useless gesture in the face of that court's previous rulings. The Oklahoma cases hold that one confined in a federal institution outside the state has no cause to complain of the delay of his trial on state charges so long as he is confined. The reason seems to be that since, by his own volition, he has placed himself beyond the jurisdiction of the court, the state is not constitutionally obliged to assume the additional cost incident to transporting him to trial and back to the federal institution. And, if the accused seeks to have himself brought within the jurisdiction of the state court by way of habeas corpus ad prosequendum, he must tender expense money in compliance with Hereden as suggested by the state trial court. Hereden v. State, supra, 369 P.2d 479; and see Application of Melton, Okl.Cr., 342 P.2d 571; Auten v. State, Okl.Cr., 377 P.2d 61; Dreadfulwater v. State, Okl. Cr., 415 P.2d 493.

We have affirmed that a state is not constitutionally obliged to bring a defendant to trial on a state charge during the period of his confinement in a federal penal institution on a federal charge, the

1. Hereden pertinently provides that an accused confined outside the state and seeking a speedy trial on a criminal charge in the Oklahoma Justice Court " * * * may proceed in the District Court of the county where charge is filed by way of habeas corpus ad prosequendum, making the magistrate and the person having custody of the accused parties defendant, and should such efforts fail, original proceedings may be filed in the Court of Criminal Appeals." Id. 479. And see Jennings v. Raines, Okl.Cr., 253 P.2d 147; Thacker v. Marshall, Okl.Cr., 331 P.2d 488; Art. 7, §§ 2, 10, O.S. Const.; 20 O.S. 41.

reason being that he is in custody in the federal penal institution "because of his own wrongdoing and is beyond the custody and control of the state court, even though the federal government might grant the request of the state for custody of the defendant for the purpose of trial on the state charge." McCary v. State, of Kansas, 10 Cir., 281 F.2d 185.

■■ All that has been said on the subject must be appraised and observed not only in the light of the equal protection requirements of the Fourteenth Amendment, but first and foremost in obedience to both the state and federal constitutional commands that every accused person is entitled to a speedy trial. See Art. II, § 20 O.S.Const.; Amendment VI, U.S.Const.; and see also Klopfer v. State of No. Carolina, 386 U.S. 213, 87 S. Ct. 988, 17 L.Ed.2d 1, decided March 13, 1967. The right is relative and must be determined in the light of the circumstances of each case. And see Hampton v. State of Oklahoma, 10 Cir., 368 F.2d 9; Snow v. Turner, Okl.Cr., 406 P.2d 509. A person accused in the state court does not forfeit his right solely because he is being confined outside the state in a federal institution. Fouts v. United States, 6 Cir., 253 F.2d 215. Some state courts require the state to exercise due diligence to bring an out-of-state prisoner to trial. See People v. Newcombe, 18 A.D.2d 1087, 239 N.Y.S. 378; State v. Kostura, 98 Ariz. 186, 403 P.2d 283; People v. Piscitello, 17 N.Y.2d 387, 198 N.Y.S.2d 273, 165 N.E.2d 849. The positive reasoning of these cases, in the language of the Massachusetts court, is that " * * * the right to a speedy trial contemplates that the [state] will take reasonable action to prevent undue delay in bringing a defendant to trial, even though some expense may be involved in bringing him into the [state] and returning him to Federal custody." That court could " * * * see no good reason why the cloud of 'anxiety and public suspicion at-

tendant upon an untried accusation' must continue to exist for an extended period of time, or why his defence should be jeopardized by bringing him to trial at a time when 'witnesses * * * [may be] unavailable and their memories dulled.'" Commonwealth v. McGrath, 348 Mass. 748, 205 N.E.2d 710, 714.[2] For the same reason it might also be said that if the state intends to prosecute its charge, it would do so before the expiration of the ten year sentence the petitioner is now serving. In this view of the right to a speedy trial, the court is not faced with the equal protection problem.

■ Neither the Oklahoma court nor this court has had occasion to consider the equal protection problem posed by the policy of the Oklahoma law which apparently allows a state court to afford a trial to a federal prisoner who is financially able to bring himself within the jurisdiction of the court while denying it to one who is financially unable to do so. The remedy to test this federal question is open to the petitioner either by new application to the state trial court or by original application to the Oklahoma Court of Criminal Appeals. Those courts, equally with this court, have the power and duty to construe and apply state law in conformity with the paramount requirements of the federal constitution. In these circumstances we refrain from expressing any opinion concerning the equal protection question posed by the prevailing Hereden rule. The Oklahoma court is, of course, free to reconsider Hereden in the light of the requirements of equal protection of the laws. When, and if, it does, it may also choose to reappraise Hereden in the light of the reasoning of the other state courts which have avoided the equal protection problem as, indeed, we may be moved to reappraise McCary v. State of Kansas, supra, in a proper case.

■ It is sufficient for the disposition of this case to say that we agree with the

---

2. The Massachusetts, Arizona and New York courts were concerned with transfers of prisoners under 18 U.S.C. § 4085. But, no one here contends that the petitioner would not be available upon application by writ of habeas corpus ad prosequendum or transfer under § 4085.

427

trial court that the petitioner has not exhausted the state remedies available to him to test the constitutional question presented. The judgment is accordingly affirmed without prejudice, of course, to the petitioner's right to pursue his available remedies in the state courts. This disposition of the case obviates the matter of the right to assistance of counsel in the federal habeas corpus court.