**Lewis Wesley HUSTON, Appellant,**

v.

**STATE OF KANSAS, Appellee.**

No. 9548.

United States Court of Appeals Tenth Circuit.

Feb. 23, 1968.

Rehearing Denied April 5, 1968.

Richard P. Holme, Denver, Colo., for appellant.

Jon K. Sargent, Asst. Atty. Gen. (Robert C. Londerholm, Atty. Gen., on the brief), for appellee.

Before BREITENSTEIN, SETH and HICKEY, Circuit Judges.

PER CURIAM.

Appellant is in custody at the United States Penitentiary, Leavenworth, Kansas. In this action he does not attack the federal sentence he is serving; instead he asks this court to require the state of Kansas to try him on state criminal charges pending against him. He complains that a detainer warrant was filed against him by Kansas authorities, and he is being denied a speedy trial on the state charges. He argues that the federal courts have the authority under 28 U.S.C. § 2241(c) (5) to issue a writ of habeas corpus ad prosequendum to have him brought before the Kansas court for trial.

The record shows that appellant was arrested by Kansas authorities, and state charges were filed. He was arraigned on these charges, and bond was set. He was however then released to federal authorities for prosecution on federal charges, and was convicted and sentenced on these charges. After he was confined in the federal penitentiary, the state of Kansas lodged a detainer against him.

Appellant sought a writ of habeas corpus ad prosequendum from the Kansas court where the state charges were pend-

ing, seeking prompt trial or dismissal of the charges. This petition was denied. He wrote the county attorney requesting a speedy trial, which request was denied. He also filed writs of mandamus seeking the same relief, first in the state district court and later in the Kansas Supreme Court. These were denied as well.

■ Appellant correctly perceives that 28 U.S.C. § 2241(c) (5) authorizes a United States District Court to issue a writ of habeas corpus ad prosequendum to produce a defendant for trial. Carbo v. United States, 364 U.S. 611, 81 S.Ct. 338, 5 L.Ed.2d 329 (1961). The writ's use has been to bring a defendant in the custody of another sovereign to trial before the court issuing the writ. See Lawrence v. Willingham, 373 F.2d 731 (10th Cir. 1967); Lunsford v. Hudspeth, 126 F.2d 653 (10th Cir. 1942). In order for the writ of habeas corpus ad prosequendum to be used to bring appellant to trial in a Kansas state court, the writ must issue from that court. Lawrence v. Willingham, supra.

■■ We have held that a state is not constitutionally compelled to bring a defendant to trial on state charges during the period of his confinement in a federal penitentiary. Naugle v. State of Oklahoma, 375 F.2d 424 (10th Cir. 1967); McCary v. State of Kansas, 281 F.2d 185 (10th Cir. 1960). Yet the need for a prompt trial on all charges and for all prisoners is apparent in view of the expanding use and sometimes abuse of the detainer warrant. The inmate who has a detainer warrant against him is necessarily faced with uncertainty, and often he is denied participation in many programs for rehabilitation because of a detainer. It is also common knowledge that relatively few detainers on federal inmates are followed by prosecution.

Appellant further asserts that the state has denied him a speedy trial when, having arrested and charged him, it voluntarily surrendered him to the federal authorities for prosecution on other charges without proceeding to its own prosecution as it was free to do. Appel-

lant, however, must in due course present that question to the state tribunals. Naugle v. State of Oklahoma, supra.

Affirmed.