Donald Gene **FERGUSON**, Petitioner,

v.

**DISTRICT COURT OF DISTRICT 6, COUNTY OF STEPHENS, STATE OF OKLAHOMA, Will H. Willis, County Judge, Joseph H. Humphrey, District Attorney, Respondents.**

Civ. No. 68–174.

United States District Court
W. D. Oklahoma.

July 12, 1968.

Donald Gene Ferguson, pro se.
No response ordered or filed.

## ORDER DISMISSING PETITION

DAUGHERTY, District Judge.

Petitioner is presently serving a seven year sentence in the Federal Penitentiary at Texarkana, Texas. He complains that the Respondents, as officials of the State of Oklahoma or a sub-division thereof, have denied him the right to a speedy trial in that they filed or have pending

criminal charges against him and have issued a detainer warrant to the Federal Penitentiary in which he is now confined. The criminal charges are alleged to arise out of Petitioner's escape from the Stephens County jail on September 8, 1964 and events connected therewith. As the Petitioner's present release date from the Federal Penitentiary is alleged to be January, 1970, some six years will have elapsed between the time of the offenses with which he is charged in Stephens County, Oklahoma, and the time the detainer warrant will operate to return him for trial on those charges. Petitioner proceeds herein under 28 United States Code, 1651.

The State of Oklahoma could, if it so desired, obtain custody of the Petitioner for trial on such charges as it may have against him at any time during his confinement in the Federal Penitentiary, consistent with the usual considerations of comity and mutual assistance of the State and Federal jurisdictions. See United States ex rel. Moses v. Kipp, 232 F.2d 147 (7 Cir. 1956). However, Petitioner is in the wrong court. He must apply to the jurisdiction which has filed the charges against him. It is out of the courts of Oklahoma that any order must issue respecting these charges against the Petitioner. Naugle v. State of Oklahoma, 375 F.2d 424 (10 Cir. 1967).

The relief which Petitioner requests this Court to grant, that of dismissing the charges pending against him in the Oklahoma court, must be denied, even though he has allegedly filed motions for dismissal in the state court. Oklahoma is not constitutionally compelled to bring Petitioner to trial while he is confined in the Federal Penitentiary. Naugle v. State of Oklahoma, supra; Huston v. State of Kansas, 390 F.2d 156 (10 Cir. 1968). Whether or not Petitioner will ever be tried by the state court is a matter known only to the state authorities. If he is not tried, his right to a speedy trial has not been infringed. If he is tried, he may at that time raise this question before the state courts.

Petitioner's request for an order of this Court dismissing all charges against him pending in the Stephens County, Oklahoma District Court or for an order to show cause why such charges should not be dismissed is accordingly denied.