**Richard C. RUIP, Petitioner-Appellant,**

v.

**COMMONWEALTH OF KENTUCKY, Respondent-Appellee.**

No. 18238.

United States Court of Appeals Sixth Circuit.

Oct. 3, 1968.

John G. Carroll (Court Appointed), Louisville, Ky., for appellant.

David Murrell, Asst. Atty. Gen., Frankfort, Ky., for appellee; John B. Breckinridge, Atty. Gen., Frankfort, Ky., on brief.

Before O'SULLIVAN, CELEBREZZE and COMBS, Circuit Judges.

PER CURIAM.

Appellant, Richard C. Ruip, was indicted on a charge of armed robbery by a Jefferson County, Kentucky, Grand Jury in 1961. Before being apprehended on this charge, he was convicted of a federal offense and imprisoned in the United States Penitentiary in Atlanta, Georgia, under a sentence extending until 1976. A detainer arising out of the Kentucky indictment was filed with the proper authorities, but no attempt was made to bring appellant to trial.

In 1963, appellant filed a motion in the Jefferson Circuit Court for either a speedy trial or dismissal of the indictment. This petition was dismissed. Appellant appealed to the Court of Appeals of Kentucky which affirmed the Circuit Court dismissal. Ruip v. Knight, 385 S. W.2d 170 (Ky.1964). In 1966, appellant filed another motion in the Circuit Court for dismissal of the indictment. This motion was dismissed. Again he appealed to the Court of Appeals which affirmed the dismissal. Ruip v. Commonwealth of Kentucky, 415 S.W.2d 372 (Ky. 1967). Appellant then filed a petition for a declaratory judgment against the Commonwealth of Kentucky in the Unit-

ed States District Court for the Western District of Kentucky on September 13, 1967. This petition was dismissed.

■ We affirm. As this court said in Forsythe v. State of Ohio, 333 F.2d 678, 679 (6th Cir.1964):

> "The Declaratory Judgment Act, 28 U.S.C.A. § 2201, cannot be used as a substitute for appeal, habeas corpus, coram nobis or other procedures enjoying currency among the many now seeking release from prison."

This position was reiterated in Olney v. State of Ohio, 341 F.2d 913 (6th Cir. 1965) and Scruggs v. Henderson, 380 F. 2d 981 (6th Cir.1967).

Even if appellant had petitioned for more proper relief, such as habeas corpus, this court could not grant him relief at this time. The Jefferson Circuit Court, in denying appellant's 1963 petition, properly relied upon In re Yager's Petition, 138 F.Supp. 717 (E.D.Ky.1956) which held that the failure of authorities to bring the petitioner to trial upon a charge pending against him in the state court because he was incarcerated in a federal penitentiary did not deprive him of his right to a speedy trial.

Several recent cases have agreed with *Yager,* holding that a state is not constitutionally compelled to bring a defendant to trial on state charges during the period of his confinement in a federal penitentiary. McCary v. State of Kansas, 281 F.2d 185 (10th Cir.1960); Naugle v. State of Oklahoma, 375 F.2d 424 (10th Cir.1967); Henderson v. Circuit Court, 392 F.2d 551 (5th Cir.1968), Huston v. State of Kansas, 390 F.2d 156 (10th Cir. 1968). *McCary* said, 281 F.2d at 187:

> "The failure of a state to bring a defendant to trial on a state charge during the period of his confinement in a federal penal institution on a federal charge will not support a claim of denial of a speedy trial by the state court. The reason for the rule is that he is in custody in the federal penal institution because of his own wrongdoing and is beyond the custody and control of the state court, even though the federal government might grant the request of the state for custody of the defendant for the purpose of trial on the state charge."

■ When petitioner is released from federal custody, and if Kentucky then seeks to try him on the involved indictment, he will undoubtedly resist such trial as a deprivation of his right to a speedy trial guaranteed by the Constitutions of Kentucky and the United States. If denied relief, it will be time enough then for the federal courts to determine whether petitioner has been unconstitutionally dealt with in such way as to permit intervention by the courts of the United States. In Pitts v. State of North Carolina, 395 F.2d 182 (1968) the Fourth Circuit has held that, in such a situation, the federal courts will vindicate an accused's right to a speedy trial denied him by a state court.

We mention, also, that Kentucky provides no limitation period for indictment and prosecution for armed robbery, K.R.S. § 431.090. We need not, however, now speculate whether today's or tomorrow's federal courts would permit use of such a statute to deny an accused his right to a speedy trial.

We affirm the District Court.