Billy Joe **LEWIS**, Appellant,

v.

**STATE OF NEW MEXICO**, Appellee.

No. 461–69.

United States Court of Appeals, Tenth Circuit.

March 23, 1970.

---

Craig A. Murdock, Denver, Colo., for appellant.

Joseph F. Baca, Special Asst. Atty. Gen., Albuquerque, N. M. (James A. Maloney, Atty. Gen., Santa Fe, N. M., with him on the brief), for appellee.

Before MURRAH, Chief Judge, and HILL and HICKEY, Circuit Judges.

MURRAH, Chief Judge.

While serving a Texas state imposed sentence petitioner Lewis brought this habeas corpus proceedings in the federal district court of New Mexico to test the constitutionality of a New Mexico state imposed sentence which he is not serving but on which a detainer has been lodged with the Texas warden. The appeal is from an order of the New Mexico court discharging the writ for lack of jurisdiction. The trial judge did not state his reasons for the denial of jurisdiction.

But the rather novel question presented by the briefs and argument is whether the New Mexico federal court had subject matter jurisdiction to entertain Lewis' application for habeas relief when he was not within the territorial limits of the court at the time he sought relief. And see Ahrens v. Clark, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898. This identical question was raised and resolved in favor of jurisdiction by a majority of the Fourth Circuit sitting en banc in Word v. North Carolina, 406 F.2d 352. The Third Circuit has held to the contrary in United States ex rel. Van Scoten v. Com. of Pa., 404 F.2d 767. See also George v. Nelson, 410 F.2d 1179 (9th Cir.).

As tempting as it is to reach and treat this challenging question in light of the adjudicated cases, we decline to do so because we think we must notice and heed Lewis' failure to first exhaust his available state remedies.

The exhaustion of all available state remedies is of course essential to the exercise of federal court jurisdiction in cases like this. Failure to exhaust available state remedies is excusable only when it is affirmatively shown that resort to them would be an idle or useless effort. Wood v. Crouse, 389 F.2d 747 (10th Cir.); Canales v. Baker, 406 F.2d 685 (10th Cir.); Kinnell v. Crouse, 384 F.2d 811 (10th Cir.), cert. denied 390 U.S. 999, 88 S.Ct. 1205, 20 L.Ed.2d 98.

New Mexico specifically provides a postconviction remedy closely patterned after 28 U.S.C. Section 2255 under which a prisoner in custody under New Mexico sentence "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States" may move the sentencing court "to vacate, set aside or correct the sentence." The statute specifically provides for the appointment of local counsel for an indigent prisoner and for a prompt hearing. If the court finds that there has been "such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack" the court is empowered to vacate and set the judgment aside. And the court may entertain and determine the motion without requiring the production of the prisoner at the hearing. The obvious, if not the avowed, purpose of the statute is to provide an exclusive state postconviction remedy in the sentencing court similar to the federal postconviction remedy under Section 2255 which is "exactly commensurate" with federal habeas corpus. Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417; Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148.

Lewis alleges without contradiction that he sought writs of habeas corpus in both the state sentencing court and the Supreme Court of New Mexico and that

the writs were denied for lack of jurisdiction. Like its federal counterpart the postconviction remedy statute specifically provides that an application for writ of habeas corpus by a prisoner authorized to apply for postconviction relief shall not be entertained if the applicant has failed to apply for relief by motion to the sentencing court, unless it also appears that the remedy by motion to test the legality of his detention is inadequate or ineffective. The sentencing court might well have treated the application for the writ as a motion under the statute. But even so we cannot say that the postconviction remedy is not presently available or effective to afford the relief sought.

In these circumstances, it would be awkward and unseemly for the New Mexico federal court to entertain an application for writ of habeas corpus to test the constitutionality of Lewis' detention when the same remedy is available to the petitioner in the sentencing court. For these reasons the judgment of the trial court is affirmed.

Judgment affirmed.