William Brady TRIGG, Petitioner-Appellant,

v.

Robert I. MOSELEY, Warden, United States Penitentiary, Leavenworth, Kansas, and Phil M. Canale, Jr., District Attorney General, Fifteenth Judicial Circuit of Tennessee, Respondents-Appellees.

No. 718–69.

United States Court of Appeals, Tenth Circuit.

Oct. 20, 1970.

Brian Mayes Bell, Denver, Colo. (William B. Trigg, filed a brief pro se), for petitioner-appellant.

Eugene C. Gaerig, Memphis, Tenn. (Lloyd A. Rhodes, Memphis, Tenn., was with him on the brief), for respondents-appellees.

Before BREITENSTEIN, SETH, and HOLLOWAY, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Appellant Trigg, a prisoner in the United States Penitentiary at Leavenworth, Kansas, appeals from the denial of his habeas corpus petition seeking removal of a detainer lodged against him by the State of Tennessee.

Trigg is serving six concurrent twenty-year sentences imposed in 1966 for federal narcotic violations. His conviction was affirmed in United States v. Trigg, 7 Cir., 392 F.2d 860, cert. denied 391 U.S. 961, 88 S.Ct. 1863, 20 L.Ed.2d 874. In October, 1967, about a year after his receipt at Leavenworth penitentiary, the authorities of Shelby County, Tennessee, lodged a detainer against him on the basis of a 1965 warrant charging armed robbery.

By motion in the Tennessee state court in January, 1969, Trigg sought dismissal of the robbery charge on the ground of denial of a speedy trial. The next month, Canale, the prosecuting attorney of Shelby County and one of the appellees herein, by letter to the Leavenworth warden requested the release of Trigg to Shelby County officers so that he could be returned for trial without the expense incident to such transfer by federal officials. The prosecutor also answered Trigg's motion for dismissal by asserting that the state had made a good faith effort to return Trigg for trial.

Apparently nothing came of the request and in May, 1969, the prosecutor again wrote the warden. This time he proposed that upon Trigg's waiver of extradition he be returned to Tennessee for trial in the custody of federal officers and at the expense of the state. Trigg refused to waive extradition. The prosecutor then opposed Trigg's pending motion in the state court for dismissal by the assertion that Trigg had refused to cooperate with the state in its effort to secure his return for prosecution. Trigg filed a habeas petition in Kansas federal district court seeking the removal of the detainer from his file. While the habeas proceedings were pending in the federal district court, the Shelby County court denied Trigg's motion to dismiss.

The habeas petition was directed against the Leavenworth warden. The prosecutor, Canale, was permitted to intervene in the federal proceedings as a defendant. The district court granted summary judgment for the defendants on the grounds that Trigg had not exhausted state remedies and that the state had made a good faith effort to try Trigg.

Attachments to the brief of the appellees show that in May, 1970, while this appeal was pending, the Tennessee Court of Criminal Appeals reversed the state trial court's order denying Trigg's motion for dismissal, held that the state had not demonstrated a diligent good faith effort to afford Trigg a prompt trial, and remanded the cause for further proceedings. We note Trigg's motion to strike the mentioned attachments because they were not part of the district court record, but believe that the motion should be denied in the circumstances presented. These attachments are pertinent to the history of the litigation in the state court.

■ Trigg objects to allowance of intervention by the Tennessee prosecutor. The claim of Trigg for the removal of the detainer and the prosecutor's defense thereto present a common question of law. In our opinion the district court did not abuse its discretion in permitting the intervention.

■ The Supreme Court held in Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607, that a state has a constitutional duty to make a diligent and good faith effort to bring to trial an accused held in federal custody. Trigg seeks to apply this rule so as to secure federal court relief from the state detainer. The obligation to comply with the rule is on the state, not on the federal government.

■ A detainer lodged against a prisoner causes him anxiety and concern and in many instances deprives him of participation in prison programs and inhibits rehabilitation. These effects were recognized by the Supreme Court in Smith v. Hooey and by us in Huston v. Kansas, 10 Cir., 390 F.2d 156. We assume that the detainer affects the nature of Trigg's incarceration and perhaps its duration because of a possible effect on parole eligibility. See Smith v. Hooey, supra, 393 U.S. n. 8, pp. 378–379, 89 S.Ct. 575. These facts plus the imprisonment in Kansas establish habeas corpus as the vehicle for relief in the Kansas federal court.

■■ A basic prerequisite for federal habeas relief is that the prisoner exhaust state remedies or show them to be inadequate and ineffective to protect his rights. Lewis v. State of New Mexico, 10 Cir., 423 F.2d 1048, 1049. Nothing in Smith v. Hooey relieves a petitioner from proceeding in an orderly manner through the courts of the state where the questioned charge is pending. As we read Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26, prejudice is an important element in determination of claimed violations of the constitutional right to a speedy trial. In the situation before us the Tennessee appellate court has reversed the denial of Trigg's motion to dismiss and remanded the case for further proceedings. In such proceedings Trigg will be able to present his claim, if any, of prejudice. The practicalities of judicial administration and the doctrine of comity imbedded in 28 U.S.C. § 2254(b) require that these issues be determined in the first instance by the state court where the charges are pending and the pertinent witnesses readily available.

■ Trigg argues that the limited relief which he seeks is available only from the Kansas federal court and, hence, the exhaustion doctrine does not apply. The argument ignores the substance of the issue. Relief from the detainer in federal habeas proceedings is necessarily predicated on a determination that the petitioner's federal constitutional right to a speedy trial on the underlying charge has been irremediably violated. This decision is primarily for the state court where the charge is pending, not the federal court for the district within which the petitioner is incarcerated.

■ Appellee Canale the state prosecutor, urges that the accused's right and the state's correlative duty under Smith v. Hooey have outstripped the state's power to afford prompt trials to persons beyond its reach. He asked the district court, and he now asks this court to issue a writ of habeas corpus ad prosequendum requiring that Trigg be produced before the Tennessee court for

trial. Since Ponzi v. Fessenden, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607, it has been recognized that the rendition of prisoners by the federal government to the states in which charges are pending is a matter of comity. The transfer of such prisoners is specifically covered by 18 U.S.C. § 4085 which permits the Attorney General to honor such requests "if he finds it in the public interest to do so." Smith v. Hooey, supra, 393 U.S. n. 13, 381, 89 S.Ct. p. 579, notes that the policy of the United States Bureau of Prisons is "to encourage the expeditious disposition of prosecutions in state courts against federal prisoners," and that the normal procedure is a "writ *ad prosequendum* from the state court." In Huston v. Kansas, supra, we held that the ad prosequendum must issue from the state court where the charges are pending and not from the federal court of the district where the accused is imprisoned. We are convinced that the decision in Huston is correct and we decline to review it.

Affirmed.