**Eddie Phillip VALLEZ, Petitioner-Plaintiff,**

v.

**STATE OF NEW MEXICO, Defendant.**

**Civ. No. 9563.**

United States District Court, D. New Mexico.

Nov. 13, 1972.

Federal Public Defender Organization, Albuquerque, N. M. (assigned), for plaintiff.

George E. Pino, Sp. Asst. Atty. Gen., Albuquerque, N. M., for defendant.

## MEMORANDUM OPINION

MECHEM, District Judge.

Eddie Phillip Vallez, an inmate at the LaTuna Federal Correctional Institution, has filed a petition for habeas corpus relief under the provisions of 28 U.S.C. § 2241. He does not attack the federal conviction and sentence.

The State of New Mexico has lodged against him a detainer arising out of one charge pending in state court. At the present time, the State of New Mexico has not lodged a detainer against him in another case arising out of a state conviction for the offense of armed robbery.

The petitioner attacks the state court armed robbery conviction on alleged federal constitutional grounds and asserts that he would be prejudiced in his appeal to the Supreme Court of New Mexico if he were required to wait until the termination of his federal sentence before being allowed to attack his state conviction.

The petitioner has named the State of New Mexico as respondent. The petition on its face conclusively shows that he is a federal prisoner and is not presently in the custody of the state. The petitioner does not attack the federal sentence.

No detainer has been filed arising out of the state armed robbery conviction which the petitioner attacks. The Court is not unmindful of the duty of the federal court in appropriate cases to relieve a federal prisoner from the burden of a state detainer. This is not a petition to obtain removal of a detainer lodged by the state in the sense set forth in Trigg v. Moseley, 433 F.2d 364 (1970), 10th Cir.

The petition and the pleadings of this case demonstrate conclusively that the petitioner is not "in custody" within the purview of 28 U.S.C. § 2241 et seq. and, therefore, the Court is without jurisdiction to entertain the petition.

This Memorandum Opinion constitutes the Court's Findings of Fact and Conclusions of Law.