Everett Donnie ROYALS, Petitioner,

v.

Irl A. DAY, Warden, FCI, El Reno, Oklahoma, State of Georgia, County of Chatham, D. A., Respondents.

No. CIV-77-0999-D.

United States District Court, W. D. Oklahoma.

Jan. 31, 1978.

Everett Donnie Royals, pro se.

John E. Green, Acting U. S. Atty. by David A. Poarch, Asst. U. S. Atty., Oklahoma City, Okl., for defendant Irl A. Day.

Arthur K. Bolton, Atty. Gen., Robert S. Stubbs, II, Executive Asst. Atty. Gen., Richard L. Chambers, First Asst. Atty. Gen., John C. Walden, Senior Asst. Atty. Gen., James L. Mackay, Asst. Atty. Gen., Atlanta, Ga., for defendant State of Georgia, County of Chatham, D. A.

## ORDER

DAUGHERTY, District Judge.

This is a proceeding for writ of habeas corpus by a federal prisoner in which he

seeks to avoid removal and trial on charges pending in the Superior Court of Chatham County, Georgia in cases numbered 22360, 23658, 23659, 23660 and 23661. Respondent Warden has filed a Motion for Summary Judgment. Respondent State has filed a Motion to Dismiss.

From the court's examination of the pleadings and the documents attached thereto it appears there is no real dispute as to the material facts. On March 4, 1974 in said case No. 22360 the petitioner was indicted on one count of Automobile Theft by the Superior Court of Chatham County, Georgia. On February 5, 1975 in said cases numbered 23658, 23659, 23660 and 23661 the petitioner was indicted on four charges of Automobile Theft by the Superior Court of Chatham County, Georgia. On March 25, 1976 the petitioner received a one year sentence in the State of Florida and was incarcerated by virtue of the judgment and sentence in that case. On October 29, 1976, in the United States District Court for the Northern District of Georgia the petitioner was convicted and sentenced to a four year term of imprisonment for violation of 18 U.S.C. § 2312 (transportation of stolen vehicles). Following petitioner's release from Florida custody he commenced the service of his federal sentence. Thereafter he was received at the Federal Correctional Institution at El Reno, Oklahoma in this judicial district.

The petitioner alleges that on December 15, 1976 he filed a Motion for speedy trial with the State court. This is denied by the respondent State. It is admitted that on April 28, 1977 petitioner's attorney in Georgia filed a Motion for a speedy trial with the State court. On September 19, 1977 respondent State issued a "Request for Temporary Custody" which was received by the respondent Warden Day on September 23, 1977. On September 29, 1977 petitioner prepared a Petition for Writ of Habeas Corpus requesting this court "to issue an order dismissing said indictments". This Petition was received in the office of the clerk of this court on October 14, 1977 together with a Motion for leave to proceed in forma pauperis and supporting papers.

Forma pauperis was granted and the Petition filed on October 17, 1977. On October 15, 1977 the petitioner was transferred from the Federal Correctional Institution at El Reno, Oklahoma to the Federal Correctional Institution at Butner, North Carolina. After his arrival at the North Carolina institution respondent State filed a Detainer with the new custodian. It further appears from a letter dated April 28, 1977 from petitioner's Georgia counsel to petitioner, attached to the Petition that the Georgia cases were scheduled for trial May 9, 1977 prior to counsel's Motion for a speedy trial but that through an error the papers necessary for petitioner's return were sent to Florida and the trials were stricken.

■ The petitioner has not exhausted his available state remedies. Absent extraordinary circumstances a federal court will not interfere with the judicial administration and process of a State court prior to trial and conviction even though the State prisoner claims that he is being held in violation of the Constitution. *Ex parte Royall*, 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886). A federal habeas petitioner asserting a constitutional claim of denial of a speedy trial must have exhausted available State court remedies for consideration by a federal court of that constitutional claim. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). The petitioner's position herein is similar to that of the federal prisoner in *Trigg v. Moseley*, 433 F.2d 364 (CA10, 1970) who sought habeas corpus relief to obtain the removal of a Tennessee Detainer. In that case proceedings were pending in Tennessee in which the petitioner could present his speedy trial claim, but the petitioner refused to waive extradition and to cooperate with the State in securing his prosecution. The Court of Appeals for the Tenth Circuit stated:

> "A basic prerequisite for federal habeas relief is that the prisoner exhaust state remedies or show them to be inadequate and ineffective to protect his rights.

*Lewis v. State of New Mexico,* 10th Cir., 423 F.2d 1048, 1049. Nothing in *Smith v. Hooey,* [393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607], relieves a petitioner from proceeding in an orderly manner through the courts of the state where the questioned charge is pending . . .

. . . . .

Relief from the detainer in federal habeas proceedings is necessarily predicated on a determination that the petitioner's federal constitutional right to a speedy trial on the underlying charge has been irremediably violated. This decision is primarily for the state court where the charge is pending, not the federal court." 433 F.2d at 366.

In *Braden v. 30th Judicial Circuit Court of Kentucky,* supra, the Supreme Court held that a state prisoner who has exhausted all available state remedies and is seeking a prompt trial is entitled to have his claim of the present denial of a speedy trial considered in a federal habeas corpus proceeding. That case is readily distinguishable from that of petitioner Royals because Royals is not seeking a trial but rather to prohibit a trial. This distinction is vital and was recognized by the Supreme Court in *Braden* which pointed out:

". . . Petitioner does not, . . seek at this time to litigate a federal defense to a criminal charge but only to demand enforcement of the Commonwealth's affirmative constitutional obligation to bring him promptly to trial. *Smith v. Hooey,* 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969). He has made repeated demands for trial to the courts of Kentucky, offering those courts an opportunity to consider on the merits his constitutional claim of the *present* denial of a speedy trial. Under these circumstances it is clear that he has exhausted all available state court remedies for consideration of that constitutional claim, even though Kentucky has not yet brought him to trial." 410 U.S. at 489, 93 S.Ct. at 1127.

". . . Moreover, petitioner made no effort to abort a state proceeding or to disrupt the orderly functioning of state judicial processes. He comes to federal court not in an effort to forestall a state prosecution but to enforce the Commonwealth's obligation to provide him with a state court forum." 410 U.S. at 491, 93 S.Ct. at 1128.

". . . We emphasize that nothing we have said would permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." 410 U.S. at 493, 93 S.Ct. at 1129.

Petitioner Royals is seeking to litigate in this proceeding a federal constitutional defense to the criminal charges pending in the Superior Court of Chatham County, Georgia and to forestall the State prosecution of the charges against him. Since he has the right to present the matter herein complained of to the trial court and if he is convicted, on direct appeal, and thereafter, if not satisfied by procedures which may be provided under Georgia law for post conviction relief, it is clear that the petitioner has not satisfied his exhaustion requirements and this court will not undertake to adjudicate the merits of any affirmative defense the petitioner may have to his pending State charges.

The United States is a party to the Interstate Agreement on Detainers Act, 18 U.S.C. App., P.L. 91–538, 84 Statutes 1397. The State of Georgia has adopted the Agreement as found in Georgia Code § 77–501b, et seq. It does not appear that the petitioner has ever filed a written notice and request for final disposition as provided for in the Agreement. The Act provides for relief to a prisoner if the appropriate authority upon such request refuses or fails to accept temporary custody, or if not tried within specified periods. It further provides ". . . [T]he appropriate court of the jurisdiction where the indictment, information or complaint has been pending shall enter an order dismissing the same with prejudice, and any detainer based thereon shall cease to be of any force or effect." (Article V(c).) The appropriate remedy therefore under the Act is by appli-

cation to the State court. *Campbell v. Commonwealth of Virginia*, 453 F.2d 1230 (CA10, 1972). See also *Grant v. Hogan*, 505 F.2d 1220 (CA3, 1974).

Accordingly, the Motion for Summary Judgment by respondent Day and the Motion to Dismiss by respondent State will be granted and the Petition for Writ of Habeas Corpus will be dismissed.

IT IS SO ORDERED.