**Virgil Earl NELSON,
Petitioner–Appellant,**

**v.**

**Norman CARLSON, Director of Federal Bureau of Prisons, and Tom Martin, Warden of the El Reno Federal Correctional Institute, Respondents–Appellees.**

**No. 87–1893.**

United States Court of Appeals,
Tenth Circuit.

June 1, 1990.

Susan M. Otto, Asst. Federal Public Defender, Oklahoma City, Okl., for petitioner-appellant.

Ted A. Richardson, Asst. U.S. Atty. (William S. Price, U.S. Atty., and Wm. Lee Borden, Jr., Asst. U.S. Atty., on the brief), Oklahoma City, Okl., for respondents-appellees.

Before LOGAN, SETH and BALDOCK, Circuit Judges.

PER CURIAM.

Virgil Earl Nelson appeals from an order of the United States District Court for the Western District of Oklahoma which denied his motion for permanent injunctive relief against the Director of the Federal Bureau of Prisons and the Warden of the federal prison in which Nelson is an inmate. Nelson's motion for permanent injunctive relief was based on his claim that his rights under the Interstate Agreement on Detainers Act, 18 U.S.C.App. III, §§ 1–8, (IADA), had been violated by prior transfers from federal custody to that of Arizona. Thus, the State of Arizona was precluded from placing another detainer on him for retrial in state court following a hung jury on certain state criminal charges on a prior transfer. For the reasons that follow, we hold that Nelson's motion for permanent injunctive relief is one which cannot be brought under the IADA.

The facts underlying Nelson's claim for injunctive relief are as follows. In April

1985, Nelson was in federal custody during the pendency of a trial on federal charges. [We note that Nelson currently is serving a term at the El Reno Correctional Institute in Oklahoma following conviction on the federal charges then pending against him.] On April 12, 1985, Arizona lodged a detainer against Nelson in connection with state criminal charges pending against him there, and Arizona obtained custody of Nelson through a writ of habeas corpus ad prosequendum. Nelson was returned to federal custody without having had a trial or other disposition on the state charges then pending in Arizona.

After Arizona obtained custody of Nelson a second time, the state criminal charges were tried. The jury reached a mixed verdict of guilty, not guilty, and a hung jury on the various charges. Nelson again was returned to federal custody. Another writ of habeas corpus ad prosequendum was issued by Arizona indicating that another state trial was scheduled for January 1987 on the charges left unresolved in the August 1985 trial. On December 5, 1986, Nelson was given a notice of untried indictment; he executed an acknowledgment of the notice and requested a 30-day waiting period. Nelson filed his motion for injunctive relief in federal district court on December 30, 1986, and this appeal followed the denial of the motion.

As stated above, Nelson is seeking permanent injunctive relief in federal court to prevent his federal custodian from returning him to Arizona for a second trial on state criminal charges following a hung jury on some charges tried at the first state court trial. He alleges that under the undisputed facts set out above, § 2, Article IV(e) of the IADA was violated in May 1985, prior to his first trial in Arizona, and that because the hung jury rendered that trial a nullity at least with respect to the unresolved charges, he is not barred from raising the alleged IADA violation in a pretrial motion before a second trial even though he did not raise it before the first trial in Arizona, to which he voluntarily submitted in August 1985.

This court has held that the filing of a detainer triggers the protections of the IADA, and that the IADA must be enforced according to its terms. The only remedy mentioned in the IADA for a violation of its Article IV(e), which requires a trial prior to a prisoner being returned to the sending state, is that "the court shall enter an order dismissing the [indictment, information, or complaint] with prejudice." IADA, App. III, § 2, Art. IV(e). The IADA contemplates that the remedy of dismissal is available in the appropriate court of the jurisdiction where the charges are pending. *See id.; see also, e.g.,* IADA, App. III, § 2, Art. V(c) (court where charges are pending shall enter order dismissing them with prejudice); *see also Campbell v. Commonwealth of Va.,* 453 F.2d 1230, 1231 (10th Cir.), and *Trigg v. Moseley,* 433 F.2d 364, 366 (10th Cir.) (federal prisoner seeking federal habeas corpus relief from state detainer must first seek relief in the state court where charges are pending). Although a federal court may have jurisdiction to grant relief from the burden of a state detainer in the appropriate circumstances, *Campbell,* 453 F.2d at 1231, the case at bar does not present circumstances warranting such relief. Here, any remedy which may be available to Nelson should be pursued through the appropriate state courts of Arizona.

We do not express an opinion here on whether the IADA was violated so as to entitle Nelson to dismissal of the Arizona charges, or whether Nelson may have waived his right to raise the alleged violation of the IADA by voluntarily submitting to the August 1985 state trial which resulted in a hung jury on certain charges. We hold only that any remedy which may be available to Nelson under the IADA under the circumstances before us is a matter for consideration by the appropriate state courts of Arizona.

In addition to the above, our holding in this appeal is also supported by policy considerations. The expressly stated purpose of the IADA is "to encourage the expeditious and orderly disposition of [criminal] charges and determination of the proper status of any and all detainers based on

untried indictments, informations, or complaints." IADA, App. III, § 2, Art. I. To grant the injunction here sought would delay resolution of the issues raised concerning the IADA as well as resolution of the state criminal charges pending.

To allow Nelson to bring an action for injunctive relief in federal court would not only be contrary to the contemplated remedy of the IADA noted above, but would be inconsistent with principles of comity insofar as the federal courts would be interfering with state criminal proceedings which are pending. *Trigg v. Moseley*, 433 F.2d at 366 (principles of comity require that issues involving alleged violations of the IADA and the appropriate relief, if any, be determined in the first instance in the state court where the charges are pending).

Based on all the foregoing, the federal district court's order denying Nelson's motion is vacated insofar as it constitutes a ruling on the merits, and the cause is remanded to the federal district court with instructions to dismiss the proceedings.

IT IS SO ORDERED.