52 F.3d 339
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Gregg Alan WOOLDRIDGE, Plaintiff-Appellant,
v.
Randy YARBROUGH, Oklahoma City Police Lieutenant; Lisa
Simonson; Stan Olive; Richard Worley; Jeff
Tanksley, Defendants-Appellees.
 No. 94-6447.
(D.C. No. CIV-94-1587-T)
 United States Court of Appeals, Tenth Circuit.
 April 18, 1995.
 
 1
 Before ANDERSON, BALDOCK and BRORBY, Circuit Judges
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 3
 Mr. Wooldridge is a state inmate and pro se litigant. Mr. Wooldridge brought a 42 U.S.C.1983 action which the district court dismissed concluding it was barred. Mr. Wooldridge appeals, and we affirm.
 
 
 4
 Mr. Wooldridge pled guilty to two state court charges. Mr. Wooldridge then brought this 1983 action against several Oklahoma City police officers contending they subjected him to an unconstitutional search, seizure, and arrest which led to his guilty pleas. He sought compensatory and punitive damages.
 
 
 5
 The district court relied upon Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994), which held:
 
 
 6
 [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by action whose unlawfulness would render a conviction or sentence invalid, a 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid ..., or called into question by a federal court's issuance of a writ of habeas corpus.... A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under 1983.
 
 
 7
 (Footnote omitted.) Consequently, the district court dismissed the complaint.
 
 
 8
 Mr. Wooldridge appeals this decision. He asserts the district court misapplied Heck and argues that under Haring v. Prosise, 462 U.S. 306 (1983), a plaintiff's guilty plea conviction in state court does not preclude him from seeking to recover damages under a 1983 suit if the Fourth Amendment violation was not considered in state court. Mr. Wooldridge argues the unlawful search and seizure was not considered in state court as he entered guilty pleas to the charges.
 
 
 9
 We need not consider whether there exists any tension between Heck and Haring. An examination of Mr. Wooldridge's complaint reveals it falls squarely within Heck. The gist of the complaint is that the defendants conducted an unconstitutional search which Mr. Wooldridge never challenged in state court. Heck held plaintiff must prove, not only that the search was unlawful, but that it caused him actual, compensable injury, which does not encompass the injury of being convicted and imprisoned. Heck, 114 S.Ct. at 2372 n. 5. This is the flaw in Mr. Wooldridge's pro se complaint. He failed to make this specific required showing that he suffered actual compensable injury over and above that of being convicted and imprisoned.
 
 
 10
 The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470