# UNITED STATES COURT OF APPEALS
## Office of the Clerk
### Byron White United States Courthouse
### 1823 Stout Street
### Denver, Colorado 80257

**Patrick Fisher**                                          **Elisabeth A. Shumaker**
**Clerk**                                                        **Chief Deputy Clerk**

**April 10, 1996**

**TO:   ALL ELECTRONIC RECIPIENTS OF THE CAPTIONED OPINION**

**RE:    95-1235, Roper v. Dr. Grayson**
**Filed March 22, 1996 by Judge McKay**

Please be advised that the notation of "Attachment not available electronically" was incorrectly pre-pended to this decision.   Please disregard that note.

Very truly yours,

Patrick Fisher,
Clerk

By:

Barbara Schermerhorn
Deputy Clerk

**PUBLISH**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

| | |
|---|---|
| JOHN RANDY ROPER, SR., | |
| Plaintiff - Appellant, | No. 95-1235 |
| v. | |
| DR. GRAYSON; M. PURSLEY, Medical Unit Administrator; ADAMS COUNTY, BOARD OF COUNTY COMMISSIONERS, named as: Adams County, Adams County Commissioners; ED CAMP; SERGEANT NIGHTCASTLE; PREFERRED MEDICAL PROVIDERS, INC.; and 6 Unknown Adams County Deputy Sheriffs, One Unknown Jane Doe Nurse, and any other John or Jane Does acting under color of Colorado law, | |
| Defendants - Appellees. | |

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. No. 94-B-966)

---

Submitted on the briefs:

John R. Roper, Pro se, Canon City, Colorado.

Allan Singer of White & Steele, P.C., Denver, Colorado, for Defendant-Appellee M. Pursley; Claire Diaz and Marlene T. Gresh, Assistant County Attorneys, Brighton, Colorado, for County Defendants; and Robert Ruddy of Johnson, Ruddy, Norman &

McConaty, Denver, Colorado, for Defendant-Appellee Dr. Grayson.

_____

Before PORFILIO, McKAY, and KELLY, Circuit Judges.

_____

McKAY, Circuit Judge.

_____

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff John Randy Roper, proceeding *pro se* and *in forma pauperis*, brought this § 1983 action against several Defendants in Adams County, Denver. One year after the action was filed the district court adopted the recommendation of a magistrate judge and granted summary judgment to all the Defendants except Preferred Medical Providers, Inc., and One Unknown Jane Doe Nurse and any other John or Jane Does. One day later, the district court dismissed without prejudice Defendants Preferred Medical Providers, Inc., and One Unknown Jane Doe Nurse and any other John or Jane Does because of a failure of service.

3

Plaintiff was in pretrial detention at the Adams County Detention Center when he was forcibly required to take medication that the detention center deemed necessary to treat his diabetes. Plaintiff claims that he did not need to take insulin to control his diabetes because he controlled it through his diet. Plaintiff, however, was examined a number of times by medical personnel at the detention center, and they prescribed and administered insulin to Plaintiff.

Plaintiff claims he was having a reaction to the insulin, so he refused to take the insulin administered by the detention center medical staff. When he refused, an unknown nurse and several deputies restrained Plaintiff and applied a "knuckle screws" technique to his jaw forcing open his mouth while the nurse inserted a syringe in Plaintiff's mouth and injected the medication down his throat.

Plaintiff's suit claimed the Defendants violated his rights by utilizing excessive force and by being deliberately indifferent to his medical needs. He also claimed that they violated his right to privacy. The Defendants filed a motion for summary judgment which was supported by Plaintiff's medical records while at the detention center, use-of-force reports, and affidavits by the treating doctor and deputies who had restrained the Plaintiff. Plaintiff responded to the motion by disputing his need for insulin treatment.

The essence of Plaintiff's complaint is that he disagrees with the medical treatment prescribed by the medical staff of the detention center. "[A] mere difference of opinion between the prison's medical staff and the inmate as to the diagnosis or treatment which the inmate receives does not support a claim of cruel and unusual punishment." Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980), cert. denied, 450 U.S. 1041 (1981). As to Plaintiff's claim of excessive force, Plaintiff failed to allege and show that an "unnecessary and wanton infliction of pain" by prison officials occurred. Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir. 1992). The undisputed evidence shows that the Defendants did not act maliciously to unnecessarily inflict pain on Plaintiff. The Defendants' interest in protecting Plaintiff and their constitutional duty to provide him with adequate medical care outweighed his interest to reject the medical treatment. See Washington v. Harper, 494 U.S. 210, 222-25 (1990). Plaintiff failed to allege facts or provide evidence that Defendants acted maliciously, inflicted unnecessary pain, or used excessive force in violation of the Constitution in their treatment of Plaintiff. Thus, the district court properly granted Defendants' summary judgment.

Finally, we must address a procedural anomaly. The district court dismissed without prejudice Defendants Preferred Medical Providers, Inc., and One Unknown Jane Doe Nurse and any other John or Jane Does because of a failure of service. Apparently following the example of the district court, Plaintiff stylized his appeal as against "Adams

5

County, et al." Plaintiff certified that he mailed copies of his brief to all opposing parties. Also, Plaintiff discusses the "Unknown" Defendants in his brief. Liberally construing the pro se Plaintiff's appeal, it appears he also is appealing the dismissal without prejudice of Defendants Preferred Medical Providers, Inc., and One Unknown Jane Doe Nurse and any other John or Jane Does. A district court's decision to dismiss an action for untimely service is reviewed under an abuse of discretion standard. Espinoza v. United States, 52 F.3d 838, 840 (10th Cir. 1995).

Courts have generally recognized the ability of a plaintiff to use unnamed defendants so long as the plaintiff provides an adequate description of some kind which is sufficient to identify the person involved so process eventually can be served. See Billman v. Indiana Dep't of Corrections, 56 F.3d 785, 789 (7th Cir. 1995); Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992); Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985); Maggette v. Dalsheim, 709 F.2d 800, 803 (2d Cir. 1983); Schiff v. Kennedy, 691 F.2d 196, 197-98 (4th Cir. 1982); Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); see also Colle v. Brazos County, Tex., 981 F.2d 237, 243 (5th Cir. 1993) (noting Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980), with approval, but affirming the dismissal of a suit against unnamed defendants for failure to prosecute where the defendants remained unnamed for three years). Here, Plaintiff provided an adequate description to identify the persons involved. From the use-of-force reports attached to

6

Defendants' motion for summary judgment, it is clear that the One Unknown Jane Doe Nurse is named Tina Watts and the unnamed deputies were Mark Nicastle, James Freel, James Mumford, William Yates, Brian Montgomery, and Richard Reigenborn. Rather than dismissing these unnamed Defendants, the district court should have ordered their inclusion as named Defendants and included them in the summary judgment. See Munz, 758 F.2d at 1257; see also Bivens v. Six Unknown Named Agents, 403 U.S. 388, 390 n.2 (1971) (district court ordered service upon agents shown by United States Attorney's records to have participated in petitioner's arrest). We conclude from the acts of the unnamed Defendants alleged in Plaintiff's complaint (and which the unnamed Defendants admitted to committing in the use-of-force reports) that they too would have been entitled to summary judgment. Therefore, it was an abuse of discretion for the district court to grant their dismissal without prejudice. Due to the peculiar procedural disposition of this case, we conclude that it is necessary to remand this action to the district court so it can dismiss the Unnamed Defendants from the action with prejudice.

We also remand to the district court so it can dismiss Defendant Preferred Medical Providers, Inc., from the case with prejudice. It is clear from the merits of this action that Plaintiff has no colorable claim against Preferred Medical Providers, Inc., and it is a waste of our limited judicial resources to permit Plaintiff the opportunity to refile this action against that Defendant.

AFFIRMED in part, REVERSED in part, and REMANDED.