**David L. WOODWARD, Plaintiff,**

v.

**SEDGWICK COUNTY JAIL, et al., Defendants.**

**Civil No. 93–3228–DES.**

United States District Court, D. Kansas.

May 31, 1996.

---

David Woodward, Lansing, KS, Pro Se.

Ed L. Randels, Sedgwick County Legal Department, Wichita, KS, for Sedgwick County Jail, Mike Hill.

John R. Dowell, Topeka, KS, Kevin D. Case, John J. Knoll, Office of the Attorney General, Kansas Judicial Center, Topeka, KS, Carol R. Bonebrake, Perry, KS, for Melissa Day.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This is a complaint for money damages filed pursuant to 42 U.S.C. § 1983 by an inmate of the Lansing Correctional Facility. The matter is presently before the court upon defendants' motions for summary judgment, plaintiff's response thereto and motion for summary judgment plus briefs from the parties on a legal issue raised by the court. Having considered all the materials in the file, the court makes the following findings and order.

The uncontested facts appear to be as follows.

1. On or about May 23, 1991, plaintiff was hospitalized after a failed suicide attempt. At approximately the same time, plaintiff was identified as a suspect in a sexual molestation case of a juvenile female and in the homicide of another juvenile female.

2. On May 23, 1991 police officials requested and obtained a consent from plaintiff's wife to search plaintiff's and her residence.

3. Police officers questioned plaintiff concerning the crimes of which he was eventually convicted while he was in bed in the hospital, and obtained inculpatory statements.

4. On or about May 25, 1991, plaintiff was arrested and placed in the Sedgwick County Jail for these crimes.

5. From 8:00 p.m. on May 25, 1991 to May 30, 1991 plaintiff was handcuffed to the bed in an infirmary cell except for times he was away from the bed area, such as for showering and exercise, as a result of his being on "suicide watch." He was clothed only in a paper gown and subjected to cold conditions. Plaintiff was removed from suicide watch on June 5, 1991.

6. Plaintiff made inculpatory statements during interrogations conducted while he was held in the infirmary cell.

7. Plaintiff was represented in the state criminal proceedings by defendant Melissa Day who was an assistant public defender appointed by the court on May 29, 1991.

8. On September 5, 1991, plaintiff pleaded guilty to six felony counts including kidnapping, sexual exploitation of a child, rape, and felony murder.

Plaintiff in his original complaint named as defendants "Sedgwick County Jail Administrator," Melissa Day, Mike Hill (Sedgwick County Sheriff), and John Does. He has attempted to add additional defendants, but no proper motion to amend the complaint to add defendants or to name the John Does has been filed. Defendants have stated that the administrator of the jail at the time in question was Mitchell Paige, but the complaint has not been amended to name this defendant. The court hereby orders that the complaint be amended to add Mitchell Paige as a defendant. See Roper v. Grayson, 81 F.3d 124 (10th Cir.1996). The court notes that Mr. Paige accepted service of process for "County Jail Administrator," and that pleadings have been filed on behalf of this defendant. Plaintiff insists that defendants are sued in their individual capacities only.

Plaintiff complains that defendants (1) conspired to deny his right to effective assistance of counsel under the Sixth Amendment; (2) conspired to coerce his confessions and guilty pleas in violation of the Fifth Amendment; (3) illegally searched his residence and submitted tainted evidence at the preliminary hearing in violation of the Fourth Amendment and (4) subjected him to cruel and unusual punishment by reason of jail conditions and deprivation of medical treatment in violation of the Eighth Amendment, all amendments being applicable to him through the Fourteenth Amendment.

In support of his central claim that defendants conspired to deny his right to effective assistance of counsel, plaintiff alleges that he repeatedly requested counsel and stated his desire to remain silent and that his family requested and sought to hire counsel but were improperly discouraged, and that he was threatened with harm and subjected to cruel conditions when he made such requests. Plaintiff further alleges that his

court-appointed defense counsel was a part of this conspiracy in that she was prejudiced against him, failed to follow through on a motion to suppress his inculpatory statements, neglected to investigate the illegal search of his residence, failed to challenge video tape evidence, did not challenge the lack of a proper foundation for the tape, did not check the "abundant, favorable" testimony of witnesses or the physical evidence which could have "exonerated" plaintiff and "impeached" his confessions, failed to adequately consult with him and gave plaintiff no alternative but to plead guilty inducing him to do so.

In support of his claim that his confessions and pleas were coerced, plaintiff alleges that inculpatory statements were taken from him during questioning while he was in the hospital in a medical crisis, suicidal, irrational, medicated and under "drug induced stupors;" and while he was in jail in restraints and tied to a bed, without clothing, being denied needed medical attention as well as the support of his family.

In support of his claim that his home was illegally searched, plaintiff alleges that consent to search was obtained from his wife while he was on life support and she was under "extreme mental distress," that the search was overly extensive, and that the extended search was based on an incriminating video tape which was not identifiable as evidence of a crime and thus not adequate probable cause.

Plaintiff states that he was harmed by these alleged acts of defendants in that they resulted in his prosecution for crimes, "led to" his "final incarceration" in the state penal system, and his coerced confession being used at the preliminary hearing. Plaintiff seeks money damages for these alleged deprivations of his constitutional rights and a "full investigation."

Plaintiff appealed his sentence and the district court's denial of his motion to modify sentence contending that it was imposed as a result of partiality and prejudice. The judgment of the trial court was affirmed by the Kansas Supreme Court on February 22, 1994.

The court finds that most of plaintiff's claims call into question the validity of plain-tiff's convictions. Even though plaintiff asserts that this action is not a challenge to his convictions or confinement, he does not allege any actual compensable injury over and above that of being convicted and imprisoned. Thus, these claims are controlled by the decision of the United States Supreme Court, handed down subsequent to the filing of this action, in *Heck v. Humphrey,* —— U.S. ——, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). There, the Supreme court held that to have a cause of action for harm caused by actions whose unlawfulness would render a conviction invalid the plaintiff must prove that the conviction has been reversed on direct appeal, expunged by executive order, or declared invalid by a state or federal court. The court stated, "A claim for damages bearing that relationship to a conviction ... that has not been so invalidated is not cognizable under 1983." *Id.* at ——, 114 S.Ct. at 2372. Following the Supreme Court's procedure for analyzing such claims, this court has considered whether a judgment in favor of the plaintiff in this action would necessarily imply the invalidity of his state convictions. *See Bonner v. Flowers,* 73 F.3d 373 (10th Cir.1996, table).

 The court finds that a judgment in favor of plaintiff on his claims that he was denied effective assistance of counsel and that his confessions and guilty pleas were coerced would squarely call into question the lawfulness of his convictions. The court further finds that plaintiff's convictions have not been reversed, expunged, or declared invalid. Thus, these claims are not cognizable in this civil rights complaint. *See Parris v. United States,* 45 F.3d 383 (10th Cir. table), *cert. denied,* —— U.S. ——, 115 S.Ct. 1984, 131 L.Ed.2d 871, 63 USLW 3818 (1995); *Sack v. Huggins,* 34 F.3d 1076 (10th Cir.1994, table). Plaintiff has no cause of action based upon his claims of ineffective assistance of counsel or coercion unless and until his convictions are determined to be invalid. *See Bonner v. Flowers,* 73 F.3d at 373.

 Plaintiff's complaint of an illegal search of his residence also falls within *Heck.* The gist of this claim is that the defendants conducted an unconstitutional search which plaintiff never challenged in state court.

*Heck* held that plaintiff must prove, not only that the search was unlawful, but that it caused him actual, compensable injury, which does not encompass the injury of being convicted and imprisoned. *Heck,* —— U.S. at ——, n. 5, 114 S.Ct. at 2372, n. 5; *Wooldridge v. Yarbrough,* 52 F.3d 339 (10th Cir. table), *cert. denied,* —— U.S. ——, 116 S.Ct. 342, 133 L.Ed.2d 240, 64 USLW 3285 (1995). Plaintiff utterly fails in his complaint to make the specific required showing that he suffered actual compensable injury over and above that of being convicted and imprisoned.

 The court additionally notes that the search of which plaintiff complains occurred in May, 1991. Plaintiff filed this action on June 11, 1993. The appropriate statute of limitations for a § 1983 action arising in Kansas is two years. *Hamilton v. City of Overland Park,* 730 F.2d 613 (10th Cir.1984) (en banc), *cert. denied,* 471 U.S. 1052, 105 S.Ct. 2111, 85 L.Ed.2d 476 (1985); *Johnson v. Johnson County Com'n Bd.,* 925 F.2d 1299 (10th Cir.1991). Thus, plaintiff's claim for damages based upon an unconstitutional search is barred by the applicable statute of limitations.

Plaintiff's money damages claims of cruel and unusual punishment based upon his treatment and conditions at the Sedgwick County Jail are also barred by the two-year statute of limitations. *Id.* Plaintiff was allegedly subjected to this unconstitutional treatment and conditions from May 25, 1991 to no later than June 5, 1991, when he was removed from suicide watch. Thus, these claims accrued more than two years prior to the date of the filing of the complaint on June 11, 1993. Plaintiff's mention of conditions or treatment after his removal from the infirmary in affidavits and pleadings are conclusory or simply fail to state the requisite elements of such a claim set forth in *Wilson v. Seiter,* 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991).

Plaintiff attempts to avoid the running of the limitations statute by arguing that he did not know of the harm caused by defendants actions until the preliminary hearing held on June 27, 1991 when the "results" of defendants' acts were "used against him." The court rejects this argument and holds that plaintiff's claims accrued on the dates he was held in the Sedgwick County Jail and subjected to the conditions and treatment of which he complains. This argument manifests that the harm plaintiff actually seeks to redress is his criminal conviction. The court also rejects plaintiff's argument that the statute should be tolled due to his imprisonment and lack of legal knowledge.

For the foregoing reasons, the court finds that this action should be dismissed and all relief denied.

IT IS THEREFORE BY THE COURT ORDERED THAT Mitchell Paige is hereby added as a defendant.

IT IS FURTHER ORDERED THAT plaintiff's claims of denial of effective assistance of counsel and coerced confessions and guilty pleas are dismissed under *Heck,* without prejudice.

IT IS FURTHER ORDERED THAT plaintiff's claims of illegal search and cruel and unusual punishment are dismissed as barred by the statute of limitations.