**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 4 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MICHAEL J. FRISCHENMEYER,

Plaintiff-Appellant,

v.

FORREST G. BUFFINGTON, in his
official and individual capacity;
JAMES A. JULIAN, Assistant
Criminal District Attorney; FRANK
GONZALES, McKinley County
Sheriff; DANNY ROSS, Gallup Chief
of Police; ROBERT ARAGON,
Attorney at Law; JOE NICHOLS,
Investigator for District Attorney;
GARY L. JOHNSON, Director, Texas
Department of Criminal Justice; S.O.
WOODS, JR., Agreement Officer;
JOHN DOE, FBI Agent; GREG DOE,
FBI Agent; H. DEAN MCWILLIAMS;
JOHN DOES, Unknown Gallup Police
Officer and McKinley County Sheriff
Deputies; JOHNNY GREEN; BILL
SILVA and TIM HANNAH, Gallup
City Jailors,

Defendants-Appellees.

No. 98-2109
(D.C. No. CIV-96-1076-LH)
(D. N.M.)

**ORDER AND JUDGMENT** *

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court

(continued...)

Before **PORFILIO, BARRETT,** and **KELLY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Michael J. Frischenmeyer, proceeding pro se, appeals from an order of the district court dismissing his complaint. We affirm.

Mr. Frischenmeyer brought this action pursuant to 42 U.S.C. § 1983. In his complaint, he asserted several issues concerning his transfer from Texas to New Mexico pursuant to the provisions of the Interstate Agreement on Detainers Act (IADA). See 18 U.S.C. App. II; N.M. Stat. Ann. § 31-5-12. In addition to various other claims, Mr. Frischenmeyer also alleged he was attacked in his jail cell after the New Mexico charges were dropped and his petition for a writ of habeas corpus, which was pending in Texas, was dismissed due to his inability to prosecute the case while he was detained in New Mexico.

---

[*](...continued)
generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

The district court dismissed Mr. Frischenmeyer's claims relating to the IADA on the grounds that the Act does not apply to pretrial detainees. The court also noted that the only possible remedy for violations of the IADA was dismissal of the charges which had already occurred. The district court dismissed all of his other claims except the physical brutality claims. The court ordered Mr. Frischenmeyer to amend his complaint to name the defendants responsible for beating him. In his response, Mr. Frischenmeyer stated that he could not identify the ten defendants who beat him without further investigation. The court then dismissed the physical brutality claim holding that, as the defendants had not been identified, they could not be served. On appeal, Mr. Frischenmeyer asserts that the district court erred in its rulings.

The district court dismissed the complaint prior to service of process on any of the defendants pursuant to both 28 U.S.C. § 1915(e)(2)(B)(i) and Fed. R. Civ. Proc. 12(b)(6). We review the § 1915(e) dismissals for abuse of discretion, see Schlicher v. Thomas, 111 F.3d 777, 779 (10th Cir. 1997), and discern no such abuse by the district court in dismissing those claims.

When reviewing the sufficiency of a complaint dismissed under Rule 12(b)(6), we examine the complaint de novo. See Coosewoon v. Meridian Oil Co., 25 F.3d 920, 924 (10th Cir. 1994). We will uphold the dismissal only if "it appears that the plaintiff can prove no set of facts in support of the claims that

-3-

would entitle him to relief." Id. We accept all well-pleaded allegations as true and construe them in the light most favorable to the plaintiff. See id.

Mr. Frischenmeyer brought several claims alleging violations of the IADA. Presuming these allegations are true, the only remedy Mr. Frischenmeyer could obtain would be dismissal of the New Mexico charges. See Nelson v. Carlson, 904 F.2d 560, 561 (10th Cir. 1990). As those charges have been dismissed and he can obtain no further relief, dismissal of the IADA claims was proper.

Mr. Frischenmeyer alleged he had been beaten in his cell. However, he did not name the responsible parties in his complaint. His complaint appears to charge defendants Gonzales and Ross as supervisors of those responsible for the attack. "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997). While a plaintiff can sue unnamed defendants, the plaintiff must provide a description sufficient to identify those involved so process can eventually be served. See Roper v. Grayson, 81 F.3d 124, 126 (10th Cir. 1996). Despite an order directing such by the district court, Mr. Frischenmeyer provided no description.

Mr. Frischenmeyer alleged that a habeas action he had pending in federal court in Texas was dismissed for failure to prosecute because the New Mexico authorities did not permit him access to legal materials. Mr. Frischenmeyer did

not identify how any of the named defendants denied him his right to access legal materials necessary to prosecute his Texas action.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED. **This appeal is frivolous, malicious, or fails to state a claim upon which relief can be granted for the purpose of counting "prior occasions" under 28 U.S.C. 1915(g).** Mr. Frischenmeyer's motion to submit newly discovered evidence is DENIED. See Reid v. Oklahoma, 101 F.3d 628, 630-31 (10th Cir. 1996) (On review of district court's decision, "we may not enlarge the evidentiary record to include material unavailable to the district court."), cert. denied, 117 S. Ct. 1707 (1997). The mandate shall issue forthwith.

Entered for the Court


James E. Barrett
Senior Circuit Judge