**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 13, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ROBERT MARK STEPHENS,

Plaintiff - Appellant,

v.

MELINDA GUILFOYLE, Designee;
DIANNE KOLAR, Law Library
Supervisor; BRENT FATKIN,
Warden; MR. MOREY, Lieutenant;
KAREN STUCHELL, Law Library
Supervisor; BRENDA BROOKS, Unit
Manager; TERRY CODY, Lieutenant,
OSR; UNKNOWN JOHN DOES,

Defendants - Appellees.

No. 06-6149
(D.C. No. 04-CV-1260-T)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO**, **BALDOCK**, and **EBEL**, Circuit Judges.

---

[*]      After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff Robert Mark Stephens, an Oklahoma state inmate proceeding pro se and in forma pauperis, appeals the district court's order dismissing his complaint alleging that various prison-administration personnel violated his constitutional rights. He filed suit under 42 U.S.C. § 1983. The district court determined that Mr. Stephens had exhausted only one of his several claims through the prison grievance procedure and dismissed the complaint without prejudice. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm, albeit for different reasons than those relied on by the district court due to intervening Supreme Court precedent.

*Background*

Mr. Stephens originally filed his lawsuit in the Northern District of Oklahoma. After it was transferred to the Western District, he filed an amended complaint naming seven defendants.[1] Of those, only three were served with the summons and complaint. Therefore, we review Mr. Stephens' claims against those three, defendants Brooks, Cody, and Kolar.

---

[1] The caption also named "Unknown Does," but the amended complaint does not allege any wrongdoing by unnamed defendants. Moreover, courts generally permit a plaintiff to use unnamed defendants, but the plaintiff must "provide[] an adequate description of some kind which is sufficient to identify the person involved so process eventually can be served." *Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996). Given that the unnamed defendants were merely included in the caption of the amended complaint, we do not consider them.

As the parties recognize, the Prison Litigation Reform Act (PLRA) requires a prisoner to exhaust all available prison remedies before filing suit under § 1983 based on prison conditions. 42 U.S.C. § 1997e(a). The district court found that Mr. Stephens exhausted prison grievance procedures on his claims against Ms. Kolar, a prison law library supervisor, a finding appellees expressly confirm.[2] Mr. Stephens does not contest this finding; rather, he contends in general terms that his attempts to exhaust prison grievance procedures were thwarted by prison officials seeking to prevent him from doing so. We do not consider Mr. Stephens' allegations against Ms. Brooks due to his failure to exhaust prison administrative remedies on those claims.

As to defendant Cody, the district court did not address whether Mr. Stephens had exhausted a grievance against him because the court determined that the statute of limitations had expired on the claims against Mr. Cody before suit was filed. This procedure was entirely proper. *See Woodford v. Ngo*, ___ U.S. ___, 126 S. Ct. 2378, 2392 (2006) (considering dismissal under 42 U.S.C. § 1997e(c)(2), stating PLRA exhaustion requirement is not jurisdictional; district court may "dismiss plainly meritless claims without first addressing what may be a much more complex question, namely, whether the prisoner did in fact properly exhaust available administrative remedies"). The

---

[2]    Appellees acknowledge that Mr. Stephens also exhausted a grievance pertaining to the number of hours he was allowed to be in the prison law library. This grievance does not apply to any alleged wrongdoing by the three appellees.

court recognized that the limitations period for Mr. Stephens' RICO claim against Mr. Cody had not expired, but held that the amended complaint failed to state a RICO claim because Mr. Stephens did not allege that he was "'injured in his business or property by reason of' the alleged violation of [18 U.S.C. §] 1962." R. Doc. 44 at 6 n.2 (citing 18 U.S.C. § 1964(c)). On appeal, Mr. Stephens challenges only the ruling on the RICO claim.

Mr. Stephens asserts that Ms. Kolar violated his constitutional right of access to the courts. He claims Ms. Kolar, in her capacity as a law library supervisor, "caused [him] to mail a legally frivolous lawsuit against [his former employer] to the U.S. Northern District of Oklahoma Court," claiming wrongful discharge. R. Doc. 6 at 5. He also alleges that Ms. Kolar later prepared a fraudulent motion to dismiss the suit and a supporting affidavit. He further alleges that she then obtained his signature on those documents by deceit and filed them, thus causing the court to dismiss his civil suit. In addition to having his suit dismissed against his wishes, he maintains that Ms. Kolar included in the affidavit statements that could subject him to criminal sanctions. In response to Mr. Stephens' prison grievance, Ms. Kolar stated that she watched him read and sign the motion to dismiss, and then she mailed it to the court upon his request. R. Doc. 6, Ex. 29 at 2.

Applying then-controlling circuit precedent, the district court held that Mr. Stephens' failure to exhaust administratively all of his claims required

dismissal of the entire action without prejudice. *See Ross v. County of Bernalillo*, 365 F.3d 1181 (10th Cir. 2004), *abrogated by Jones v. Bock*, ___ U.S. ___, 127 S. Ct. 910 (2007). Consequently, the court dismissed without prejudice the claims against defendants Kolar and Brooks, and it dismissed with prejudice the claims against defendant Cody.[3]

## *Standards of Review*

We review de novo the district court's dismissal under the PLRA for failure to exhaust prison administrative remedies. *Whitington v. Ortiz*, 472 F.3d 804, 807 (10th Cir. 2007). We also review de novo the district court's order dismissing the claims against Mr. Cody on statute-of-limitations grounds. *See Cory v. Aztec Steel Bldg., Inc.*, 468 F.3d 1226, 1233 (10th Cir. 2006). Because Mr. Stephens is representing himself, we liberally construe his pleadings; however, we do not act as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## *Right of Access to the Court*

After the district court issued its judgment in this case, the Supreme Court announced its decision in *Jones v. Bock*, holding that where a prisoner's complaint contains claims that were exhausted administratively as well as claims that were not, the proper procedure is to dismiss the unexhausted claims, not to

---

[3] The district court also denied Mr. Stephens' motion for a temporary restraining order and his motion for sanctions against defendants' attorney. Mr. Stephens does not appeal those rulings, although he has filed a motion with this court for injunctive relief.

dismiss the complaint as a whole. 127 S. Ct. at 924. Consequently, although the district court's ruling was correct at the time it was issued, *see Ross*, 365 F.3d at 1190, under *Jones* it was error to dismiss the entire action. Instead, the district court should have addressed Mr. Stephens' claims against Ms. Kolar, which were the only exhausted claims before it.

We do not automatically remand for this purpose, however. Rather, we evaluate whether the claims against Ms. Kolar are frivolous and therefore subject to dismissal. *See* 28 U.S.C. § 1915(e)(2)(B)(i) (stating when evaluating claims in prisoner case filed in forma pauperis, "the court shall dismiss the case at any time if the court determines that . . . the action *or appeal* is frivolous or malicious") (emphasis added). "Normally, a federal appellate court does not consider an issue not passed upon below[, but] § 1915 mandates the dismissal of a claim contained in an *IFP* complaint at any time a court deems the complaint to be frivolous." *Fogle v. Pierson*, 435 F.3d 1252, 1262 (10th Cir.) (citation and quotations omitted) (remanding only those claims having arguable basis either in law or in fact), *cert. denied*, 127 S. Ct. 675 (2006).

Mr. Stephens alleges he was denied access to the courts when Ms. Kolar induced him to file a legally frivolous lawsuit and later to request that the suit be dismissed against his wishes. In addition, he contends that Ms. Kolar fraudulently caused him to sign an affidavit that could subject him to criminal sanctions. These claims are frivolous for at least two reasons. First,

Mr. Stephens has alleged no injury sustained by having his admittedly frivolous suit dismissed, and therefore he does not have standing to bring this claim. "[A]n inmate must satisfy the standing requirement of 'actual injury' by showing that the denial of legal resources hindered the prisoner's efforts to pursue a nonfrivolous claim." *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996). Similarly, Mr. Stephens does not assert that he was actually subjected to criminal sanctions due to the allegedly fraudulent affidavit, another reason he lacks standing to bring this claim.

Second, the constitutional right of access to the courts does not extend to a capacity to litigate claims such as Mr. Stephens' wrongful discharge claim. *See Lewis v. Casey*, 518 U.S. 343, 355 (1996). The Supreme Court has held that the guarantee of access to the courts requires prisons to provide legal tools "inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* Accordingly, we determine that Mr. Stephens' claims against Ms. Kolar are frivolous and must be dismissed.

*Remaining Claims*

Mr. Stephens apparently does not dispute the district court's finding, and appellees' concession, that he exhausted only two grievances. He contends, however, that he should not be required to complete the prison grievance

procedure because some prison officials have taken actions to prevent him from doing so and he has made his complaints known through channels other than the grievance procedures. But a prisoner must exhaust the administrative remedies available. *See Booth v. Churner*, 532 U.S. 731, 741 (2001). Moreover, "the PLRA's exhaustion requirement applies to all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion is mandatory, *Jernigan v. Stuchell*, 304 F.3d 1030, 1033 (10th Cir. 2002), and proper exhaustion is required, *Woodford*, 126 S. Ct. at 2387.

Mr. Stephens' argument that prison officials have interfered with his grievances in various ways, such as delay in responding, "is akin to an argument that prison officials should be equitably estopped from relying upon the exhaustion defense." *Jernigan*, 304 F.3d at 1033. But since Mr. Stephens does not allege detrimental reliance on prison officials, we do not decide whether equitable estoppel applies here. *See id.*

In the alternative, Mr. Stephens requests that his case be held in abeyance to permit him to complete the grievance process for his unexhausted claims. This procedure is foreclosed by *Jones*: "As a general matter, if a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad." 127 S. Ct. at 924.

Finally, Mr. Stephens contends that the district court erred in dismissing his claims against Mr. Cody on statute-of-limitations grounds. He does not challenge

the court's conclusion that the limitations period for filing a § 1983 claim had expired. Rather, he maintains that the longer period for filing a RICO claim had not run at the time he filed his amended complaint naming Mr. Cody as a defendant and that the district court erred by dismissing his RICO claim for failure to meet a "heightened pleading standard." *See* Aplt. Reply Br. at 8-9. Contrary to Mr. Stephens' argument, however, the district court dismissed his RICO claim against Mr. Cody because he did not allege any facts to entitle him to a civil remedy under RICO. *See* 18 U.S.C. §§ 1962, 1964(c). Mr. Stephens has identified no allegations, and our review of the record has revealed none, to satisfy those requirements. Accordingly, the district court did not err in dismissing Mr. Stephens' claims against Mr. Cody.

*Conclusion*

Mr. Stephens' motion for a temporary restraining order and order to show cause is denied. We have construed his objections to appellees' brief as a reply brief. Mr. Stephens' motion to proceed without prepayment of costs and fees was granted by the district court. He is reminded that he is obligated to continue making partial payments until the entire fee has been paid.

The judgment of the district court is AFFIRMED.

Entered for the Court

John C. Porfilio
Circuit Judge