**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 27, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DORIS LUJAN, a/k/a Doris
Felix-Lujan, on her own behalf and on
behalf of her minor daughters Reina
Lujan and Doris Lujan,

     Plaintiff-Appellant,

v.

COUNTY OF BERNALILLO;
BERNALILLO COUNTY SHERIFF'S
OFFICE, a governmental entity of the
State of New Mexico; DEPUTY
SHERIFF ANTHONY E. MEDRANO,
Bernalillo County Sheriff's Office,
individually and in his official
capacity; DEPUTY SHERIFF
SHUREKE COVINGTON, Bernalillo
County Sheriff's Office, individually
and in his official capacity; DEPUTY
SHERIFF JOEL HARVEY, Bernalillo
County Sheriff's Office, individually
and in his official capacity; DEPUTY
SHERIFF ROLDAN LARGE,
Bernalillo County Sheriff's Office,
individually and in his official
capacity; DEPUTY SHERIFF
JOAQUIN RODRIGUEZ, Bernalillo
County Sheriff's Office, individually
and in his official capacity;
APPROXIMATELY EIGHT (8)
UNIDENTIFIED MEMBERS OF THE
BERNALILLO COUNTY SHERIFF'S
DEPARTMENT "S.W.A.T." TEAM

No. 09-2119
(D.C. No. 6:07-CV-01035-PJK-DJS)
(D.N.M.)

PARTICIPATING IN A RAID
ON 1001 FAIRHAVEN, SW,
IN ALBUQUERQUE, NEW MEXICO
ON AUGUST 10, 2006,

Defendants-Appellees.

## ORDER AND JUDGMENT[*]

Before **LUCERO**, **GORSUCH**, and **HOLMES**, Circuit Judges.

Doris Lujan, on behalf of herself and her minor daughters, filed a complaint

under 42 U.S.C. § 1983 alleging that several individually named deputies in the

Bernalillo County Sheriff's Office, as well as other unnamed members of the

County's SWAT team, acted with excessive force, in violation of the Fourth

Amendment, when they executed a search warrant on her home. Ms. Lujan's

complaint also alleged culpability on the part of Bernalillo County and its

Sheriff's Office and further alleged that the defendants wrongfully indicted her

for distributing methamphetamine, in violation of a New Mexico state statute

barring malicious prosecutions. After discovery, the district court entered

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

summary judgment for the individually named sheriff's deputies and the County on the federal claims. Meanwhile, it dismissed without prejudice Ms. Lujan's state law claim, her federal claims against the unnamed SWAT team members, and her federal claims against the Bernalillo County Sheriff's Office. Before us on appeal, Ms. Lujan contests certain of these rulings and not others. Discerning no error in the rulings she contests, we affirm.

According to the allegations in Ms. Lujan's complaint, during the course of the search of her home certain sheriff's deputies or SWAT team members unnecessarily discharged their weapons, injured and improperly searched her daughters, and damaged her property, among other things. While the search did uncover a substance that field testing identified as methamphetamine and Ms. Lujan was arrested for narcotics trafficking, the state prosecutor ultimately chose not to pursue the case. Based on these events, Ms. Lujan subsequently filed this federal lawsuit alleging that the defendants used excessive force against her and her daughters, in violation of the Fourth Amendment of the United States Constitution, and also engaged in malicious prosecution, in violation of state law. The complaint did not dispute that probable cause existed for a search of the home, but focused instead on the allegedly improper manner in which that search was conducted. Ms. Lujan named as defendants various individual sheriff's deputies, the County of Bernalillo, the County Sheriff's Office, and "approximately eight (8) unidentified members" of the County's SWAT team.

During the course of discovery, and under oath, each of the named sheriff's deputies denied participation in the initial entry into the house and the unlawful conduct Ms. Lujan alleged. None categorically denied that the conduct alleged by Ms. Lujan took place, but each instead suggested that it was members of the SWAT team who were responsible. The named sheriff's deputies emphasized that the SWAT team effected the initial intrusion into the house and that they, the deputies, either did not personally participate at all in the search, or participated in the search only after the initial SWAT team intrusion, or were otherwise uninvolved in the alleged misconduct. *Cf.* Aplt. App. at 111 (Pretrial Order) (stating defense position that alleged conduct was "all performed by SWAT team members who are not named as Defendants in this case").

For its part, the County argued that it could not be held liable for its employees' alleged constitutional violations unless those employees acted pursuant to an official custom or policy. And, the County continued, Ms. Lujan had not alleged any County policy permitting — let alone endorsing — the sort of misbehavior recounted in her complaint. The County also asserted that the Sheriff's Office, as a governmental sub-unit, could not be sued separately from the County, and that the claims against the unnamed individual defendants should also be dismissed.

The district court granted summary judgment for the named sheriff's deputies and the County on Ms. Lujan's federal claims. As to the named sheriff's

deputies, the court noted that "§ 1983 requires some causal connection between the alleged deprivation of constitutional rights and a particular Defendant's actions," D. Ct. Op. at 9, and it held that Ms. Lujan had failed to "develop the facts indicating personal responsibility" by any of the named sheriff's deputies, *id.* at 11. As to the County, the court held that Ms. Lujan had not "established a constitutional violation" by one of the named sheriff's deputies, "let alone" that they had acted pursuant to an "official policy or custom," as is required to make the County liable for the actions "of the individual Defendants on a theory of respondeat superior." *See id.* at 12-13 (citing *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997)); *see also Nielander v. Bd. of County Comm'rs of County of Republic*, 582 F.3d 1155, 1170 (10th Cir. 2009). In so holding, the court denied Ms. Lujan's Federal Rule of Civil Procedure 56(f) request to defer its summary judgment disposition.

The district court also dismissed a number of Ms. Lujan's claims without prejudice.

First, the court dismissed the claims against the Sheriff's Department "[b]ecause governmental sub-units are not properly suable entities in § 1983 actions [under] *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985)." D. Ct. Op. at 13.

Second, the court dismissed without prejudice the federal claims against the unidentified SWAT team members, noting that Ms. Lujan had been provided with

-5-

"ample time to name and serve them" during the course of the discovery process, yet she had not done so, a situation the district court found "passing strange." D. Ct. Op. at 11-12; *see* Fed. R. Civ. P. 4(m) (providing for dismissal without prejudice for failure to serve defendant in a timely fashion); *Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996) (observing that dismissal may be appropriate when unnamed defendants remain unidentified for a lengthy period of time); *Williams v. Rodriguez*, 509 F.3d 392, 402 (7th Cir. 2007) (stating that dismissal is proper where plaintiff failed to identify and serve unnamed defendant before close of discovery).

Finally, the district court dismissed a separate claim alleging that certain defendants — the complaint does not state which ones — negligently failed to supervise and care for Ms. Lujan's seized property, holding that mere negligence by governmental officials does not violate the Due Process Clause of the federal Constitution. *See* D. Ct. Op. at 12 (citing *Daniels v. Williams*, 474 U.S. 327, 333 (1986)). Having thus disposed of all of Ms. Lujan's federal claims, the court declined to exercise supplemental jurisdiction over her remaining state law malicious prosecution claim, leaving her free to pursue that claim in state court.

Now on appeal before us, Ms. Lujan does not contest the district court's dismissal without prejudice of the Sheriff's Office, its dismissal without prejudice of her federal claims against the unnamed SWAT team members, its denial of her Rule 56(f) request, or its disposition of her supplemental state law claim. What

remains before us on appeal, thus, concerns only the federal claims against the named sheriff's deputies and the County. We review the district court's disposition of these claims on summary judgment *de novo*, and will affirm only if, viewing the facts in the light most favorable to the non-movant, we discern no genuine dispute of material fact in need of resolution by a factfinder and conclude that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In doing so, we affirm for substantially the reasons given by the district court in its opinion.

With respect to the claims against the named sheriff's deputies, the primary deficiency is, as the district court observed, a factual one. A plaintiff cannot prevail in a suit against governmental officials unless he or she demonstrates "an affirmative link . . . between the constitutional deprivation and either the officer's personal participation, his exercise of control or direction, or his failure to supervise." *Poolaw v. Marcantel*, 565 F.3d 721, 732 (10th Cir. 2009). Ms. Lujan, however, has not presented evidence to indicate that the named individual sheriff's deputies were responsible for the alleged Fourth Amendment violations; indeed, all the evidence, at least as developed by the parties in the record of this case, tends to suggest they were not the culpable parties.

With respect to the claim against the County, the primary deficiency is a legal one. As the district court correctly noted, a local government may be held liable for its employees' constitutional violations only when those employees are

"execut[ing the] government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). We have no evidence before us suggesting that the conduct Ms. Lujan alleged represented the execution of an official policy rather than gross deviations from such policy.

Without minimizing in any way the seriousness of the factual allegations contained in Ms. Lujan's complaint, we cannot say that the district court erred in requiring some evidence linking the individual defendants to the challenged conduct, or in its ruling that the County may be held liable only for its official policies. We are, thus, obliged to affirm.

Entered for the Court

Neil M. Gorsuch
Circuit Judge