**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**August 14, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

WILLIAM NEIL ALTER,

    Plaintiff - Appellant,

v.

JOHN GATES; RAYMOND LEE, III; TOMMY BUTLER; DEB DEBOUTEZ; JOHNNY OLSON; DALE HALL; BRETT PAYMAN; MELISSA MCDONALD; ADAM TURK; MICHAEL ZELLER; JASON EDWARDS; UNKNOWN POLICE OFFICERS 1-4; THE CITY OF GREELEY,

    Defendants - Appellees.

No. 24-1488
(D.C. No. 1:24-CV-01483-LTB-RTG)
(D. Colo.)

_____

### ORDER AND JUDGMENT[*]

_____

Before **TYMKOVICH**, **BACHARACH**, and **EID**, Circuit Judges.

_____

Mr. William Neil Alter appeals the dismissal of this action.

---

[*]    Oral argument would not help us decide the appeal, so we have decided the appeal based on the record and the parties' briefs. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

    This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

    .

**1.    The district court dismisses the action.**

The district court directed Mr. Alter to cure various pleading deficiencies in his initial and first amended complaints. Mr. Alter filed a second amended complaint, which is the operative version. But the court deemed this version deficient, too, and dismissed the action on the grounds that Mr. Alter had not

- stated a claim based on the failure to investigate an assault because he lacked a right to a police investigation, *see DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195-97 (1989);

- adequately alleged personal participation of an individual defendant, *see Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011);

- adequately alleged an injury from a policy or custom on the part of the City of Greeley, *see Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013);

- adequately described the unidentified police officers in a way that would eventually allow service of process, *see Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996); and

- adequately alleged status as a qualified person with a disability who had been excluded from public benefits on account of his disability, *see Robertson v. Las Animas Cnty. Sheriff's Dep't*, 500 F.3d 1185, 1193 (10th Cir. 2007).

Mr. Alter filed a motion for reconsideration, which the court treated as a motion to alter or amend the judgment. *See* Fed. R. Civ. P. 59(e). The district court denied this motion, and Mr. Alter appealed.

2

**2.    Mr. Alter waived any appellate arguments.**

In reviewing the dismissal, we would ordinarily conduct de novo review. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). And in reviewing the denial of a motion for reconsideration, we would ordinarily apply the abuse-for-discretion standard. *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019). Here, however, Mr. Alter has waived appellate review by failing to adequately present a developed argument.

Mr. Alter was pro se, so we liberally construe his filings. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But pro se parties must "follow the same rules of procedure that govern other litigants." *Id.* (internal quotation marks omitted). These rules include Federal Rule of Appellate Procedure 28(a), which requires an appellant's opening brief to

> contain a statement of the issues presented for review, a statement of the case briefly indicating the nature of the case, the course of proceedings, and the disposition below, a statement of facts relevant to the issues submitted for review with appropriate references to the record, a summary of the argument, which must contain a succinct, clear and accurate statement of the arguments made in the body of the brief, and the argument, which must contain: appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies.

*Id.* at 840–41 (internal quotation marks omitted).

Mr. Alter's opening brief states that

- he "was brutally assaulted on September 18, 2021," and

3

- the defendants "voluntarily established a special relationship with [him] pursuant to Greeley Police Department Case No. 21G073383."

Appellant's Br. at 2. But he does not cite the record for his factual statement that he had been assaulted, say where in the record he had asserted a special relationship with the defendants, or explain the pertinence of a special relationship.

Mr. Alter also lists six facts, and some of them repeat his allegations of a failure to investigate the assault. *See, e.g.*, Appellant's Br. at 2 ("Failure to investigate case No. 21G073383"). Other stated facts appear to challenge the district court's decision. *See, e.g.*, *id.* ("Failure to have Chief Justice Review"). But none of these statements include a developed argument, coherent explanation, or record citation. These unexplained statements do not constitute proper appellate argument. *See Bronson*, 500 F.3d at 1104 ("Scattered statements in the appellant's brief are not enough to preserve an issue for appeal." (internal quotation marks omitted)). Nor do these statements explain why the district court erred in dismissing the action. *See Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th 2015) ("The first task of an appellant is to explain to us why the district court's decision was wrong.").

Mr. Alter also describes his first appellate issue as "Violation of 42 U.S.C. §[§] 1983, 1985, 1986 and 42 U.S.C. § 12101 et seq." Appellant's Br. at 3. He describes his second appellate issue as "Violation

4

of 8th and 14th Amendments." *Id.* But all he says for both issues is: "Monell Claim" and "Warren v. District of Columbia." *Id.* Again, these incomplete statements do not constitute proper appellate argument. *See Bronson*, 500 F.3d at 1104.

Mr. Alter adds that the district court didn't consider

- "Warren v. District of Columbia (1981)," Appellant's Br. at 4,

- the special relationship created by the Appelle[e]s in this matter,

- case law,

- an obligation for the Chief Justice to review this case, or

- appointment of counsel.

*Id.* Although it is not our function to "perform[] the necessary legal research," *Garrett*, 425 F.3d at 841, Mr. Alter might be referring to *Warren v. District of Columbia*, 444 A.2d 1 (D.C. 1981), to support his special-relationship theory. As indicated above, however, he presents no argument to support that theory; and we decline to craft one for him. *See Garrett*, 425 F.3d at 840. Nor can we discern some understanding of his other unexplained statements absent a developed argument or record citation. *See Roska ex rel. Roska v. Peterson*, 328 F.3d 1230, 1246 n.13 (10th Cir. 2003) (declining to search the record in support of an issue omitted from the briefs and lacking specific record citations).

**3.      Conclusion**

Accordingly, we affirm the district court's dismissal.[1]

Entered for the Court

Robert E. Bacharach
Circuit Judge

---

[1]      But we grant Mr. Alter's motion to proceed without prepayment of costs and fees.